Ruffin, C. J.
The court is of opinion, that the judgment should be affirmed. Every imputation, derogatory to the character of another, is not actionable. A rule as loose as that could not be tolerated. It would be the fruitful source offriv-olous litigation, and supply a notable example of the uncertainty of the law, or, rather, of the results of law-suits. It is indispensable that a rule, having more precision, should be laid down; by which the rights and liabilities of persons may be learned with some reasonable certainty. And it is highly proper that a rule, once adopted, should be observed, that as much; uniformity as possible may be attained in the administration of the law. We think the principle has been expressed by the court with sufficient precision to be easily understood; *179 and that as expressed) it is conformable alike to authority and reason* Following Lord Holt in Ogden v. Turner, Salk. 696; the court said in Brady v. Wilson, 4 Hawks. 93, “that although the acts charged upon a person, might be such as flow from a wicked and depraved heart, and involve great guilt ' in foro conscientiae, yet if the words did not impute to him a felony or other crime, the temporal punishment of which is legally infamous, the action of slander could not be supported at common law.” In Skinner v. White, 1 Dev. & Batt. 471, the cases in England and this county, are reviewed, and the rule, “that the words, if true, must subject the party to an infamous punishment,” is declared to be the settled law of this State: the punishment to be such as involves social degradation by occasioning the loss of the libera lex. That rule is fatal to the plaintiff’s case. Unless the stealing of bank-notes be a crime in South Carolina, and an infamous crime, the words impute to the plaintiff no act required by the rule; and upon that point, the law of that State is the subject of proof to us here. It was, indeed, said at the bar, that it was an act of such turpitude, so pernicious to individuals, and to the committing of which, if not punishable, there is such strong temptation, that the court should presume, that, like murder, it is punishable in every civilized nation of this age, and especially in each of the States of the Union, in which so much of that, which circulates for money, is bank paper, as imperatively to call for this kind of protection. But we cannot venture on such a presumption. In Shipp v. McCraw, 3 Murp. 466, the law of Virginia was given in evidence. It is not a case for . presumption ; or, if it be, it is for a contrary presumption. For we know, that by the common law of England, stealing banknotes was not indictable. In this State it was first made an offence in 1811 — the same year, that stealing growing com and some other crops was created a felony. If taking bank-nótes be a larceny in South Carolina, it must be by statute and of that the courts here can take no notice without proof.
Per Curiam, Judgment affirmed.