BEST v. BRITISH AMERICAN MORTGAGE CO.

(Filed September 22, 1903.)

USURY—*Mortgages—Judgments—Former Adjudication.*

> Where an action is brought to restrain a sale under a mortgage on account of alleged usury, and it is removed to the federal court and the amount in controversy is adjudicated, the judgment therein is a bar to a subsequent action by the mortgagor for alleged usury in the mortgage.

ACTION by W. E. Best, administrator, against the British American Mortgage Company, heard by Judge *George H. Brown, Jr.,* at December Term, 1902, of the Superior Court of GREENE County. From a judgment for the defendant the plaintiff appealed.

*Geo. M. Lindsay,* for the plaintiff.
*L. V. Morrill* and *Battle & Mordecai,* for the defendant.

MONTGOMERY, J. This action was brought by the plaintiff against the defendant to recover $1,646, double the amount of an alleged usurious charge made and collected by the defendant from the plaintiff's intestate. It was alleged in the complaint that the plaintiff's intestate in 1890 borrowed from the defendant $7,500, and secured the payment of the same and interest by a deed of trust on a tract of land in Greene County, and "that on or about the — day of October, 1897, the defendant took from, received, reserved and charged the said B. J. Best, surviving partner of B. J. & R. E. Best, 10 per cent., calculated on the amount then due on said mortgage, in addition to the principal and interest of said debt due by said mortgage, amounting to $823, which amount was reserved by the terms of said mortgage or trust deed, in addi-

tion to the sum loaned, and interest thereon, and was an usurious charge under the laws of this State, and the taking, receiving, reserving and charging of said sum of 10 per cent. by the defendant from the plaintiff was an usurious transaction, as denounced by the laws of North Carolina, and therefore the defendant is indebted to the plaintiff in the sum of $1,646 for wrongfully taking and receiving from the plaintiff the sum of $823, usurious interest in double said sum, to-wit, sixteen hundred and forty-six dollars."

The defendant in its answer denied the charge of usury and set up as an affirmative defense that the matter out of which arose the plaintiff's allegation of usury was fully tried and determined between the parties to this record in another action theretofore commenced in the Superior Court of Greene County, and afterwards removed to the Circuit Court of the United States at Raleigh; that in that action it was expressly decreed that the defendant recover that sum, $823, of the plaintiffs in that action, B. J. & R. E. Best, and that that sum was collected by a sale of the mortgaged premises under the decree of the said Circuit Court, and that by such matters the plaintiff is estopped.

In 1895 the trustee named in the deed of trust, at the request of the defendant, advertised the property conveyed therein for sale, for the payment of the amount due on the debt. The plaintiffs brought an action in the Superior Court of Greene County to restrain the sale on the ground of usury and to ascertain the true amount of the debt. The restraining order was issued and afterwards the case was removed to the Circuit Court of the United States at Raleigh. In that Court, the plaintiffs, B. J. & R. E. Best, on January 14, 1896, filed their complaint, in which they alleged that the notes executed by them to the defendant, aggregating $9,310.35 and secured by the deed of trust, were executed for money loaned by the defendant to the plaintiffs, and upon

no other consideration; that upon such loan the defendant advanced to the plaintiffs the sum of $7,500 and no more, and that all of the notes in excess of $7,500 were for interest charged by the defendant at a greater rate than 8 per cent. per annum, and was usurious and void. The plaintiffs alleged the payment of several amounts on the indebtedness. There was a further allegation that the defendant, while admitting that the plaintiffs had paid the sum of $2,711.30 on their indebtedness, refused to allow the credits as claimed by the plaintiffs and also to deduct the alleged usurious interest. The complaint was concluded with a prayer "that an account may be stated between them and the defendant and the true indebtedness be ascertained, and that upon payment of the amount due the plaintiffs may be permitted to redeem said land."

The defendant in its answer averred that $7,500 of the notes were executed for the principal of the loan and that the other notes were executed for the interest on the loan, and that no greater rate of interest than 8 per cent. was charged. There is further set out in the answer a statement of the credits to which the plaintiffs were entitled, and an averment of the full amount of the balance due.

The deed of trust contained a provision in these words: "That if it shall become necessary to employ an attorney to foreclose this mortgage or collect any part of the debt herein secured, they will pay the attorney's fees fixed at 10 per cent. of the amount in suit, and all other lawful and proper costs and expenses that may be incurred by the party of the second part in that behalf, and that this mortgage shall stand as security for the same." An opinion was filed on April 1, 1897, by the Honorable Charles H. Simonton, Circuit Judge, in which it was stated that the clause providing for the fees of counsel did not come into operation until there should be a breach of the contract, and that "the presumption is always

that parties will observe and keep their contracts; at all events, this result is not certain; it is contingent." It is further said in that opinion: "The contract being otherwise *bona fide* and not usurious, this uncertain provision should not change its character. *Whitewater Co. v. Vallet,* 21 How., 422. In *Spain v. Brent,* 1 Wall., 626, the Court says: 'The payment of anything additional depends also on a contingency and not upon any happening of a certain event which, itself, would be deemed insufficient to make a loan usurious.' This question was made in an exception to the Circuit decree in *Whaley v. Am. Freehold, etc., Co.,* 74 Fed. Rep., 73, *supra,* and in the concluding part of the decision of the Court, was sustained in general words. A provision like this is in the nature of a penalty and is enforced as such. As the Court has taken this matter within its jurisdiction, it can determine to what extent the penalty can be enforced. The attorney's charges will be allowed, but no further commissions to the trustee. All actual expenses which he may have incurred are allowed him. The conclusion of the whole matter is that this contract is not usurious. Let the Clerk of the Court, with the attendance and aid of the counsel for the parties in the cause, compute the amount now due according to the tenor and effect of the contract, and add thereto the 10 per cent. for attorney's fee, and such sum as for actual expenses which the trustee may have incurred in executing his trust, and then let a decree be prepared carrying out the principles of this opinion."

Upon the report of the Clerk at the February Special Term, 1897, a decree in conformity to the opinion was made and entered. In the decree it was provided that if the recovery and costs should not be paid within sixty days from the first day of April, 1897, then the land should be sold for cash by the commissioner appointed for that purpose. Default was made in the payment of the amount, and the sale was made and reported to the Court and confirmed in all respects.

On the trial of this case in the Court below, his Honor Judge Brown held that the cause of action set out in the complaint had been adjudicated by the Circuit Court of the United States in the cause entitled B. J. Best and others against the defendant, and that the plaintiff was not entitled to recover. We see no error in that ruling, nor any error in the judgment which followed.

It was contended by the plaintiff's counsel that whether the charge of the attorney's fees of $823 was usurious or not was not in issue in the case, as it was constituted in the Circuit Court of the United States; that the only usury charged in the complaint was that in the rate and amount of interest charged upon the sum actually loaned; and the case of *Tyler v. Capehart,* 125 N. C., 64, was insisted upon as an authority. We do not see the application. There, the cause of action was of a different nature from that on which the first suit was brought, and the two were not necessarily connected. In the case before us, the sale by the trustee had been enjoined on the ground of usury—usury, it is true, in the matter of the interest charged—but in the complaint there was a prayer that an account might be stated between the parties, and that the true indebtedness might be ascertained to the end that upon the payment of the amount found due the land might be redeemed. That prayer opened up every question that might be involved in the ascertainment of the true indebtedness, including any species of usury that might be charged or proved in the matter. The opinion of the Circuit Court covered the prayer of the plaintiff and discussed the matter of counsel fees, and the decree embraced it. There was no appeal from that decree, and the matter is *res judicata.*

No error.