HANCOCK v. TELEGRAPH COMPANY.

(Filed October 2, 1906).

*Telegraphs—Evidence—Damages—Law of Sister State—*
*Instructions.*

1. In an action to recover damages for negligent delay in the delivery of a telegram, announcing the death of plaintiff's brother, and that plaintiff would arrive with the corpse at a certain station the next day, the Court erred in admitting testimony that the employees of the railroad company, with whom defendant had no connection, left the body of the deceased on the platform in the rain.

2. A telegraph company is only responsible for such damages as were reasonably in contemplation of the parties as the natural result of the failure of duty on the part of the company.

3. Where all defendant's witnesses gave it as their opinion that under the laws of Maryland juries are not permitted to consider mental anguish as an element of damage unless it grows out of a physical injury, the Court cannot instruct the jury that if they believe the evidence of these witnesses the plaintiff can only recover the charge for the telegram; but he should charge if they found the law of Maryland to be as testified to by the witnesses, the plaintiff can only recover the charge of the telegram.

4. In finding what is the law of Maryland the jury should consider not only the veracity of witnesses who testify to their legal opinions, but their reputation, character, learning in the law and standing in the legal profession, and determine for themselves how much weight the jury is willing to give to their opinions.

ACTION by H. S. Hancock against Western Union Telegraph Company, to recover damages for negligent delay in the delivery of a telegram, heard by *Judge B. F. Long* and a jury, at May Term, 1906, of the Superior Court of CRAVEN. From a judgment for the plaintiff, the defendant appealed.

*W. D. McIver* and *O. H. Guion* for the plaintiff.
*F. H. Busbee & Son* and *W. W. Clark* for the defendant.

BROWN, J. This case was before this Court at Spring Term, 1905, and is reported in 137 N. C., 498. The facts are fully set out in the opinion there reported, and it is unnecessary to repeat them.

On the last trial the Court, over defendant's exception, permitted the plaintiff to testify as follows: "The trainmen took the corpse from the baggage-car and set it down on the platform in the rain. I put the widow in the station, and then ran down and asked them please not to set the body of my dead brother down in the rain. The body was out on the platform, and I ran and asked them not to set it there in the rain; but the train was moving off," etc.

In the admission of this testimony and the refusal to withdraw its consideration from the jury, we think there was error. The contract for the transmission of the telegram was

made on Saturday, July 11, and it can hardly be supposed to have been within the reasonable contemplation of the contracting parties that there would be a rain on Monday morning and that the employees of the railroad company, with whom defendant had no connection whatsoever, might leave the body of the deceased on the platform in the rain. The duty to remove the body and put it in a suitable place did not devolve upon the defendant, but upon the employees of the railroad company, and the defendant is not to be held responsible for their neglect.

It has always been held in this State that the telegraph company is only responsible for such damages as were "reasonably in contemplation of the parties as the natural result of the failure of duty on the part of the defendant." *Kennon v. Tel. Co.,* 126 N. C., 232. The case of *Telegraph Co. v. Turner,* from Texas, reported in 78 S. W., 362, and cited with approval in *Telegraph Co. v. McNairy,* 78 S. W., 969, fully sustains the defendant's contention as to the inadmissibility of such evidence. See, also, *Telegraph Co. v. Mellon* (Tenn.), 33 S. W., 725, and *Telegraph Co. v. Stiles* (Tex.), 34 S. W., 438. In the latter case the Court, speaking of the probable consequences of admitting such testimony, says: "The admission of such testimony would awaken in the jury a sympathy for the distressed sister, and although it might be unconsciously done, would induce them to increase the amount of damages. If the evidence is not to influence the verdict, why should it be admitted at all? The jury has the right, and it is their duty, to consider all the evidence admitted by the Court. But the telegraph company cannot be held liable for all damages which may arise from a failure to comply with its contract, no matter how great or real such damage may be. It can only be held for such as it should have anticipated from the knowledge it had and that which the law imputes to it as the probable result of a failure to deliver the message." See, also, Joyce on Electricity, sec. 819; *Railroad v. Levy,* 59 Tex., 542.

As this case is to be tried again, it is well to notice another of defendant's exceptions in order to prevent possible error on the next trial, and thus save time, labor and expense.

The defendant requested his Honor to instruct the jury: "If you believe the evidence of the witnesses, Judge Bryan, Attorney-General Bryan, and Mr. Cross, you will assess the plaintiff's damages at 25 cents, and this will be your answer to the second issue." As this request or a similar one is likely to be again proffered, it is well to notice it. The Court decided in this case that if, under the laws of Maryland, "damages on account of mental anguish, not connected with or growing out of a *physical injury* to the plaintiff's person, could not be awarded, then the plaintiff in this action can only recover the cost of the telegram and costs." 137 N. C., 499-500. It is true that the witnesses named were all who testified for the defendant as to what in their opinion was the law of Maryland on that subject, and the defendant had the right to have the Court call attention to their evidence. Each of said witnesses gave it as his opinion that, under the law of Maryland, juries are not permitted to consider mental anguish as an element of damage unless it grows out of a physical injury. It therefore follows that if the jury should find as a fact that the law of Maryland is as stated by defendant's witnesses, then the plaintiff, under our former decision in this case, can recover only 25 cents—the charge for the telegram—and costs, for the plaintiff does not pretend to have suffered any physical injury. We think, however, that this prayer for instruction may be interpreted to refer only to a belief in the veracity and truthfulness of the witnesses. These witnesses were not testifying to a fact, in the usual significance of that word. They were giving their opinion under oath as to what the law of Maryland was upon a certain matter. The jury may fully believe in the truthfulness of such witnesses and in the sincerity of their opinions, and yet

have no confidence in their knowledge, learning and ability as lawyers. In finding what is the law of Maryland the jury should consider not only the veracity of witnesses who testify to their legal opinions, but their reputation, character, learning in the law and standing in the legal profession, and determine for themselves how much weight the jury is willing to give to their opinions. These are matters within the province of the jury, concerning which the Judge cannot express an opinion. We think, therefore, the language of the prayer for instruction is ambiguous, and probably deprived the jury of the right to consider what weight they should give to the legal opinions of the witnesses offered by the defendant. The Court could only say to the jury that under the former decision of this Court, if they found the law of Maryland to be as testified to by defendant's witnesses, viz., that mental suffering can only be considered as an element of damage when it flows from physical injury, and there being no physical injury in this case, the plaintiff can only recover the charge for the telegram and costs of the action.

New Trial.