JOHN H. MILLER v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 29 March, 1911.)

1. Pleadings—Demurrer—Common Law—Presumptions—Burden of Proof.

When a cause of action, sued on and recognized here, arose in another State, a demurrer to the complaint is bad which is based on the defense that, according to the laws of such other State, no cause of action is alleged. Such defense must be set up in the answer, with burden of proof on defendant.

2. Evidence—Common Law—Sister States—Presumptions.

In the absence of proof to the contrary, the common law will generally be presumed to be in force in a sister State, except in those States whose jurisprudence is not founded on the common law.

3. Evidence—Sister States—Laws—Judicial Notice.

The courts will not take judicial notice of the statutes and laws in the different States which may have changed the common law.

**4. Evidence—Sister States—Laws—Burden of Proof—Procedure.**

The proof of the laws of another State must be shown in evidence by the party relying upon them, and the methods of proof and the competency of evidence is regulated by statute. Revisal, sec. 1594.

APPEAL by defendant from *Cook, J.,* at October Term, 1910, of WAYNE.

Civil action heard upon demurrer to the complaint.

The court overruled the demurrer. Defendant appealed.

The facts are sufficiently stated in the opinion of *Mr. Justice Brown.*

*No counsel for plaintiff.*

*W. C. Munroe and W. A. Townes for defendant.*

BROWN, J. Taking the allegations of the complaint to be true, as we must upon demurrer, we are of opinion that the demurrer was properly overruled. There is only one ground of demurrer that we deem it necessary to consider.

It is alleged in the complaint that the injury was received at Pinner's Point, Virginia, on 21 April, 1907, and that under the laws then and now in force in said State the plaintiff has a good cause of action against the defendant.

The issue attempted to be raised by the demurrer, that under the laws of Virginia the plaintiff is not entitled to recover, cannot be raised in that way. Such defense must be set up in answer, and the burden of proof would be on the defendant to establish it.

According to the principles of the common law, the facts alleged, if established by proof, make out a good cause of action, and it is very generally held that in the absence of proof to the contrary, the common law will generally be presumed to be in force in a sister State, except in those States whose jurisprudence is not founded on the common law. 13 A. and E. Enc., 1062. The general principle, that a condition of things once established is presumed to continue until the contrary is shown, has been applied to the proof of foreign laws.

The courts will not take judicial notice of the statutes and laws of the different States which may have changed the common law. 13 A. and E., 1063, and cases cited. The proof of them must be put in evidence by the party relying on them, and the methods of proof and the competency of evidence is regulated by statute. Revisal, sec. 1594. *Hancock v. Tel. Co.,* 142 N. C., 164.

Affirmed.