## NATIONAL EXCHANGE BANK OF BALTIMORE *v.* ROOK GRANITE COMPANY, W. H. ROOK AND WIFE, M. W. ROOK.

### (Filed 19 April, 1911.)

**1. Contracts — Feme Coverts — Other Jurisdictions — Contractual Rights—Remedies.**

Where a non-resident *feme covert* has entered into an ordinary business executory contract, in a jurisdiction where she has full contractual capacity, the obligation will be binding here, and the obligee may avail himself of any and all remedies provided by our law for the enforcement of his rights.

**2. Same—Non-resident—Real Property—Attachment—Publication.**

Notice by publication is sufficient against a non-resident *feme covert* upon her executory contracts when the statutes here applicable have been complied with and attachment is duly levied on her real property situated in North Carolina, if by the law of the State wherein the contract was made a married woman has full contractual rights. *Armstrong v. Best*, 111 N. C., 231, cited and distinguished.

**3. Contracts — Lex Loci Contractus — Signed Elsewhere—Common Law—Presumptions.**

A contract is held to be executed where the same becomes a binding agreement between the parties, and when it appears that this is done in one of our sister States, the mere fact that it was dated in another one does not affect the matter in relation to the *lex loci contractus.*

APPEAL from *O. H. Allen, J.,* at the March Term, 1911, of ANSON.

Civil action heard on motion to discharge an attachment and dismiss the case.

It appeared that plaintiff bank, holding two promissory notes, past due, one for $400, dated 12 August, 1909, and another for $300, 31 August, 1909, made by defendant, the Rook Granite Company and endorsed by W. H. Rook and his wife, M. W. Rook, non-residents of this State, instituted action thereon in the Superior Court of Anson County, and an attachment in said suit having been duly issued, the same was levied on a lot of real estate, lying and being in said county, as the property of said M. W. Rook, *feme covert*. The affidavits contained aver-

ment, in effect, that the contract and endorsement by said *feme covert* were had and made in the city of Baltimore, Md., and that by the law of said State "married women had full power to contract and be contracted with the same as if she were not married, and had power to endorse a note for the accommodation of her husband or any other person or corporation and bind herself and her separate estate to the payment of same as if she were a *feme sole.*"

The defendants having entered a special appearance moved to dismiss the action for the reason that there has been no personal service on the defendants or either of them, and that service was made in the cause by publication, and that no property subject to attachment had been levied on in the action so as to confer jurisdiction upon the court.

The court below entered judgment, in part, as follows: "The court finds as a fact that the property levied upon by the sheriff under the order of attachment is the property of the *feme* defendant M. W. Rook, and the court being of opinion that said property is not subject to attachment in the action, sustained defendant's motion to discharge the attachment and dismiss the suit."

Plaintiff excepted, assigning for error the rulings of the court that the real estate of the defendant M. W. Rook, *feme covert,* is not subject to attachment and to the judgment, dismissing the action and taxing plaintiff with costs.

*J. W. Gulledge for plaintiff.*
*Robinson & Caudle for defendant.*

Hoke, J., after stating the case. Where an attachment or the levy on property under it forms the sole basis of the court's jurisdiction, the authorities are very generally agreed that the discharge of the writ requires the dismissal of the action. 4th Cyc., pp. 805, 806; 3 A. & E., p. 244. There would seem, therefore, to be no valid objection to the judgment, so far as the form is concerned. We are of opinion, however, that on the facts presented there was error in the ruling that the property of defendant M. W. Rook was not subject to attachment. While the common-law disability of married women to bind themselves, personally,

by their contracts has heretofore very generally obtained in this
State (see *Doughton v. Sprinkle,* 88 N. C., 300; *Baker v.
Garris,* 108 N. C., 218), it has been held in several cases, that
where a non-resident *feme covert* has entered into an ordinary
business contract in a jurisdiction where she has full contractual
capacity, the obligation will be binding here, and the holder may
avail himself of any and all remedies provided by our laws for
the enforcement of his rights. *Wood v. Wheeler,* 111 N. C., 231;
*Taylor v. Sharp,* 108 N. C., 377.

The case of *Armstrong v. Best,* 112 N. C., 59, to which we
were referred, is not in contravention of this position. In that
case the *feme covert,* having her residence and domicile in this
State, had ordered goods for her business in Goldsboro, N. C.,
and same were shipped to her by plaintiffs, from Baltimore, Md.
It was held that no recovery could be had here. The ruling was
made on the ground that, by the law of her domicile, the *feme
covert* was not allowed to bind herself personally, and that this
disability being an established principle of our domestic policy
would so far attach that the courts of this State would not aid
in the enforcement of such an greement; but the case is in full
recognition of the decision we make on the facts presented here,
that a *feme covert,* having her domicile elsewhere, who makes a
contract, binding where made, will be bound here, and the obliga-
tions arising from such a contract may be enforced by action in
our courts. In the citation from Prof. Mordecai's Law Lectures,
p. 342, that the doctrine, as far as determined by our Court,
may be thus summed up: "The contracts of married women who
are domiciled out of the State will be enforced in this State
according to the *lex loci contractus,* except in so far as such con-
tracts affect real estate situate in this State," the learned author,
no doubt, refers to contracts directly affecting real estate, in
which case the *lex rei sitæ* always governs, as in *Wood v.
Wheeler,* 106 N. C., 512, and so interpreted, the reference is in
support of the present ruling.

It was earnestly contended for defendant that as the notes pur-
port to bear date at Washington, D. C., this will be taken *prima
facie* as the place of the making, and in the absence of allegation
or evidence to the contrary, the common-law disability as to

*feme covert* will be presumed to obtain; and in that view, the defendant M. W. Rook would not be bound. But the position cannot be sustained. As a general rule, a contract is said to be executed where the same becomes a binding agreement between the parties. In Paige on Contracts, sec. 1718, the author says: "The general rule is, the place where the last act is done which is necessary to give the contract validity is the place of the execution of the contract. . . . Illustrations of the principle are often found in insurance contracts. If the parties to insurance contracts are in different jurisdictions, the place where the last act is done which is necessary to give validity to the contract is the place where it is entered into." And the decisions fully support the statement. *Equitable Insurance Co. v. Clements,* 140 U. S., 226; *Scudder v. Bank,* 91 U. S., 406; *Ivy v. Kern County Land Co.,* 115 Cal., 196; *Ford v. Insurance Co.,* 69 Ky., 133.

There are affidavits in the record, and thus far uncontradicted, that the notes sued on were endorsed and delivered in the State of Maryland, and that in said State a married woman had full capacity to bind herself by contract. On these facts the said notes are a Maryland contract and must be so construed and dealt with till the contrary is made to appear.

The precise question as to future transactions certainly would seem to be no longer of much importance, as the General Assembly, at the last session, has removed the contractual disability of married women as to all ordinary business contracts. The exception being that as to contracts between husband and wife, the provisions and limitations of Revisal, sec. 2107, are retained, and as to conveyance of her realty, the same must be executed with the written assent of her husband and her privy examination thereto is still required.

There was error in discharging the attachment, and the judgment to that effect is reversed.

Reversed.