BLUTHENTHAL & BECKART, INC., v. RALPH KENNEDY.

(Filed 8 April, 1914.)

**Intoxicating Liquors—Actions to Recover—Public Policy—Courts.**

   An action to recover upon an account for spirituous liquors
   sold and delivered here for the purposes of sale cannot be main-
   tained in the courts of this State, for such transactions are
   against our public policy; and the fact that the contract was
   made in a State recognizing its validity does not alter the matter.

APPEAL by plaintiff from *Rountree, J.,* at December Term,
1913, of NEW HANOVER.

   Civil action tried upon these issues:

   1. Did the plaintiff sell and deliver to the defendant the goods
specified in the complaint?   A. Yes.

   2. What was the value of those goods?   A. $433.

   3. Where was the contract of sale made?   A. Baltimore.

   4. Is the defendant indebted to the plaintiff?   If so, in what
amount?   Answered by the court, "No."

   5. Was the whiskey sold and delivered by the plaintiff to the
defendant for the purpose of being resold in North Carolina,
and contrary to the law of that State?   A. Yes.

   Both plaintiff and defendant moved for judgment upon the
verdict, which motions were continued to the December term of
the court.

   At December term the court rendered judgment as follows:

   Upon the hearing of these motions at this term, it is ordered
and adjudged that the contract between the plaintiff and the de-
fendant was made in the city of Baltimore, State of Maryland,
and that, upon the verdict on the fifth issue, the plaintiff recover
nothing of the defendant, and that the defendant recover his
costs.                                         GEORGE ROUNTREE,
                                                  *Judge Presiding.*

   Plaintiff excepts and appeals to the Supreme Court.

   *Iredell Meares and G. F. Meares for plaintiff.*
   *Kellum & Loughlin for defendant.*

BROWN, J.   We agree with the learned judge of the Superior
Court, that upon the entire evidence and upon the finding of the
jury upon the fifth issue the plaintiff is not entitled to recover.

There are some conflicting decisions upon the question pre-
sented on this appeal, but we think the best considered cases hold
that a note or contract valid in the State where it is made can-
not be enforced in another State to whose public policy the
transactions which form its consideration are contrary.   *Wind-
ward v. Lincoln,* 64 L. R. A., 160, and notes; *Bank v. Earle,*
U. S. Supreme Court (10 L. Ed.), 308; *Levison v. Boas,* 12
L. R. A. (N. S.), 576, and notes; *Brewing Co. v. Harriman,* 47
N. E., 864; *Woodford v. Hamilton,* 39 N. E., 47; *Furniture
Co. v. Allsteine,* 51 L. R. A., 890.

That the sale of spirituous liquors within the State of North
Carolina is against its declared policy is manifested by the legis-
lation enacted on the subject.

Upon this principle cases are to be found in the decisions of
this Court which hold that no contract, wherever made, in aid
of the so-called, but erroneously termed, rebellion of the South-
ern States will be enforced by the courts of this State.   *Leak v.
Commissioners,* 64 N. C., 134; *Brickell v. Commissioners,* 81
N. C., 241.

Also, that the contract of a married woman, a citizen and resi-
dent of North Carolina, not a free trader, made in Maryland,
and valid under the laws of that State, will not be enforced by
the courts of North Carolina, because such contracts are not
permitted here, or were not when that decision was made.   *Arm-
strong v. Best,* 112 N. C., 59.

The reasoning of the opinion of *Chief Justice Shepherd* in
that case covers the one under consideration.   In it he says:
"A very important qualification of private international law is
to be considered, and this is that no State or Nation will enforce
a foreign law which is contrary to its fixed and settled public
policy."   See, also, *Bank v. Earle,* 13 Peters U. S., 519; Story
Conflict of Laws, 37; *Bank v. Granite Co.,* 155 N. C., 45, in
which the decision in *Armstrong v. Best* is commented upon and
approved.

The exact point is decided in *Gooch v. Faucett,* 122 N. C., 271, where it is held that a note given in consideration of a bet won on a horse race cannot be enforced in this State, although given in a State where wagering contracts are not invalid.

It is useless to multiply authorities. It is well settled that the courts of this State will not lend their aid to the enforcement of any contract made and entered into by both parties to violate the public laws of the State, and it matters not where the contract is made.

No error.