ALLEN, J., dissenting; BROWN, J., concurring in the dissenting opinion.
This is an appeal from a refusal of a motion to set aside a judgment which was rendered at December Term, 1914, of Union. The motion was made on three grounds:
1. That the judgment was irregular in that the plaintiff amended the complaint before judgment, but after service of summons, by adding other names as members of the firm of E. C. Randolph. This, however, was a matter of discretion in the trial judge. The defendant had notice of the amendment.
2. On the ground of inadvertence, surprise, mistake, and excusable neglect. The motion was properly refused on this ground. The summons was issued 3 October, 1914, and was served on the defendants 6 October. The complaint was filed on 10 October, duly verified by one of the partners of the plaintiff firm, and, besides (which was not necessary), there was indorsed on the complaint, "Answer demanded at October Term, 1914." The action was to recover judgment on two promissory notes signed by the defendant and executed to the plaintiffs, which were duly set out in the complaint. The defendant did not file an answer nor employ counsel at October term nor at December term, and at the latter term judgment by default final was rendered according to the complaint. The cause was placed on the calendar for trial at December Term, 1914, and the calendar was printed in two newspapers published in Monroe before said term, the defendant being a resident of said town.
3. The third ground of the motion to set aside the judgment is based on the finding of the judge, "I find as a fact that for a considerable time before this suit was brought the defendant had been dealing in futures in cotton in direct violation of the statutes enacted by the General Assembly of this State, and that the notes sued on were executed in evidence of his liability to the plaintiff growing out of these transactions."
The judgment should have been set aside as void, because the statute had withdrawn from the courts jurisdiction of such cause of action. The statute referred to is chapter 853, Laws 1909, which is set out as section 1689 in Gregory's Supplement, which specifies that a cause of action such as that found above by the judge to be the consideration of the notes in this case "shall be utterly null and void; and no action shall be maintained in any court to enforce any such contract, whether the same was made in or out of the State, or partly in and partly out of the State, and whether made with the parties thereto by themselves or by (385) or through their agents, immediately or mediately." And it is further provided: "Nor shall the courts of this State have any jurisdiction to entertain any suit or action brought upon a judgment based upon any such contract," i. e., such judgment is void. *Page 445 
It will thus be seen that the court was entirely without jurisdiction to entertain an action upon this cause of action or to render any judgment thereon. And when it is brought to the attention of the court, as it was done by the defendant in this case, it was the duty of the court to strike out the judgment and dismiss the action, which it was forbidden to entertain.
If a justice of the peace should entertain an action for a matter beyond his jurisdiction, and should render judgment thereon, as, for instance, for $1,000, though there should be no appeal and though the judgment was regularly docketed in the Superior Court, upon the matter being called to the attention of the court it would be treated as a nullity.
The court had no jurisdiction to entertain this action nor to render judgment therein, and being without jurisdiction, the judgment should be struck out. Congress enacted as to the Reconstruction Acts that the court should entertain no action to construe the validity of such statutes, and the Supreme Court of the United States in Ex parte McCardle, 74 U.S. (7 Wallace), 506, held that the court having no jurisdiction, such action must be dismissed.
The public policy of a State is a matter for the legislative department. When a statute provides that a cause of action is immoral and contrary to the public welfare, the statute can forbid the courts to entertain jurisdiction thereof. When by inadvertence, or in ignorance of the facts, the court has taken jurisdiction and rendered judgment thereon, when this is brought to the attention of the court, and the fact is found by the judge, as in this case, the judgment should be set aside and struck from the docket. To do otherwise would be to maintain the validity of a judgment upon a cause of action that by legislation was held null and void and of which jurisdiction was denied to the court by statute.
This is not merely the case of an illegal or immoral consideration, as to which, if the court renders judgment and the defendant does not appeal, it will be presumed in favor of the regularity of judgments that on the facts it was adjudged that the consideration was not illegal or immoral, and the judgment cannot afterwards be set aside on such averment. 23 Cyc., 928. In such case the defendant waives the objection by not pleading it. But here jurisdiction is denied to the court as to this cause of action, whose nature is not denied and which is found by the court, and the defendant cannot confer jurisdiction by failing to plead it. The judgment cannot be valid when the court had no jurisdiction, and the court could not acquire jurisdiction by being (386) kept in ignorance of the facts by the silence of the plaintiffs and the absence of the defendant. *Page 446 
Had this defect been brought to the attention of the court it would have refused judgment and have dismissed the action in obedience to the statute. The position of the plaintiffs is no stronger by reason of the fact that the judgment was rendered by the inadvertence of the court. The defendant was not represented and the plaintiffs failed to call to the attention of the court the facts which would have shown to the court that it was without jurisdiction.
In the McCardle case, supra, the United States Supreme Court said: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle." If the court had known the facts constituting the cause of action, legally it could not have rendered judgment, and if it had rendered judgment it would have been void for want of jurisdiction.
Revisal, 1689, which made such contracts "utterly null and void," was held constitutional. S. v. McGinnis, 138 N.C. 724; S. v. Clayton, ib., 732; Garsed v. Sternberger, 135 N.C. 501; Rankin v. Mitchem, 141 N.C. 277, and in many other cases. Revisal, 3823, made parties to such contracts, either as principal or agent, directly or indirectly, indictable and punishable by fine and imprisonment. This was also held constitutional in the above cases.
The provision that a judgment for such cause of action is a nullity was held constitutional in Mottu v. Davis, 151 N.C. 238. Many other States have passed statutes in recognition of the same public policy, and, indeed, the Federal Government has done the same and has created a bureau and appointed officials to secure its better execution. U.S. Stat., 1914, ch. 255.
Upon the finding of facts by the judge, the judgment should have been set aside. But this would not debar the defendant from contesting before the jury in another trial the issue whether the cause of action was of this nature, Rankin v. Mitchem, 141 N.C. 277, since its illegality did not appear upon the face of the note sued on.
Reversed.