Day, J.
 

 The first question for determination in this case is whether the justice of the peace lost jurisdiction by discharging the attachment. In other words, if the jurisdiction of the justice was acquired by reason of his power to issue an order of attachment, that attachment having been held to be invalid, does it follow that the jurisdiction based upon such attachment must also fail?
 

 The sections of the General Code of Ohio, in so far as they are pertinent, provide as follows:
 

 
 *300
 
 Section 10223: “Unless otherwise directed by law, the jurisdiction of justices of the peace in civil cases, is limited to the township wherein they have been elected, and wherein they reside.
 
 No
 
 justice of the peace shall hold court outside of the limits of the township for which he was elected.”
 

 Section 10224. “Justices of the peace within and coextensive with their respective counties shall have jurisdiction and authority: * * *
 

 “7. To issue attachments and proceed against the goods and effects of debtors in certain cases, except that in Cuyahoga and Franklin counties the jurisdiction and authority in such case is coextensive only with the township for which the justice was elected. When such justice has jurisdiction of the defendant because he resides in tbe township for which the justice was elected or otherwise as provided in the next following section, his jurisdiction
 
 in attachment
 
 shall be coextensive with the county. ’ ’
 

 Section 10225: ‘ ‘ Except as provided in the next preceding section no householder or freeholder of the county shall be held to answer a summons issued against him by a justice in a civil matter in any township of such county other than the one where he resides, except in the cases following:
 

 “4. When the summons is accompanied with an order to attach property the jurisdiction is coextensive with the county, except as otherwise specially provided.”
 

 Especially denying the jurisdiction of the justice over his person, and appearing solely for the purposes of the motion, the plaintiff in error, de
 
 *301
 
 fendant below, filed Ms motion to dissolve tbe attachment, and affidavits in support of such motion. This motion the justice of the peace sustained, and the attachment was dissolved, and, over the objection of the plaintiff in error, defendant below, the justice proceeded to try the cause upon its merits and assumed to retain full jurisdiction of the parties and the subject-matter.
 

 The precise question involved herein does not appear to have been before this court heretofore, although the lower courts of the state have given the same consideration upon several occasions. There seems to be a conflict of decisions as to whether or not a justice has jurisdiction to fender judgment, upon the merits, against a resident of his county but a nonresident of his township, in cases where an order of attachment accompanies the summons and for any reason the attachment is invalid. One line of decisions indicates that the justice loses jurisdiction upon the merits if the attachment fails.
 
 Orr
 
 v.
 
 Schackel,
 
 5 N. P., 246, 7 O. D. (N. P.), 352;
 
 Davis
 
 v.
 
 Lewis,
 
 16 C. C., 138, 8 C. D., 772;
 
 Reich
 
 v.
 
 Pike Building Co.,
 
 8 N. P., 234, 11 O. D. (N. P.), 418. Another group of decisions, in which the opposite conclusion is reached, is
 
 Kelly
 
 v.
 
 Flanagan,
 
 20 C. C., 391, 11 C. D., 111;
 
 Collins
 
 v.
 
 Bingham Bros.,
 
 22 C. C., 533, 12 C. D., 825;
 
 Rogers
 
 v.
 
 Pruschansky,
 
 3 C. C. (N. S.), 366, 13 C. D. , 271.
 

 The principle involved herein is analogous to the securing of jurisdiction over a defendant residing in an adjoining county when service may be had upon a defendant residing in the county, wher.ein the action is brought, a joint liability being
 
 *302
 
 claimed. It has been held in this state that, where no judgment is rendered against the only party defendant who resides in the county where suit is brought, the court has no jurisdiction to render a judgment against the defendant who resides in another county, service upon whom was secured by reason of the service upon the defendant resident in the county wherein the action was brought.
 
 Allen
 
 v.
 
 Miller,
 
 11 Ohio St., 374;
 
 Dunn
 
 v.
 
 Hazlett,
 
 4 Ohio St., 435;
 
 Drea
 
 v.
 
 Carrington,
 
 32 Ohio St., 595;
 
 Foster
 
 v.
 
 Borne,
 
 63 Ohio St., 169, 58 N. E., 66.
 

 We are therefore of opinion that, where the jurisdiction is dependent upon the order of attachment accompanying the summons, the attachment having failed, it follows that the jurisdiction upon the merits must also fail.
 

 6 Corpus Juris, 465, says:
 

 “Where, however, a suit is commenced by attachment, and the attachment is essential to the jurisdiction of the court, the dissolution of the attachment will carry with it the main suit.”
 

 See, also,
 
 Hilton & Allen
 
 v.
 
 Consumers’ Can Co.,
 
 103 Va., 255, 259, 48 S. E., 899;
 
 Bryan, Adm’r.,
 
 v.
 
 N. & W. Ry. Co., 119 Term.,
 
 349, 350, 104 S. W., 523;
 
 Augir
 
 v.
 
 Foresman,
 
 23 Wash., 595, 63 P., 201;
 
 Nat. Exchange Bank of Baltimore
 
 v.
 
 Granite Co.,
 
 155
 
 N.
 
 C., 43, 44, 70 S. E., 1002.
 

 There is another question shown by the record. It is urged in the brief of counsel that because the plaintiff in error filed a motion to dismiss the attachment, the same amounted to an entry of appearance. We think this question is decided by the case of
 
 Smith
 
 v.
 
 Hoover,
 
 39 Ohio St., 249, in which
 
 *303
 
 the motion filed is in much the same form as in the instant case; the same being addressed to the jurisdiction of the court over the person and not the subject-matter of the action, the defendant in that case asking the discharge of the attachment. The language of Mcllvaine, J., (page 257), is pertinent:
 

 “The appearance of a defendant in court for the sole purpose of objecting, by motion, to the mode or manner in which it is claimed that jurisdiction over his person has been acquired, is not an appearance in the cause, or a waiver of any defect in the manner of acquiring such jurisdiction. * * *
 

 “An objection to jurisdiction over the subject-matter is a waiver of objection to the jurisdiction of the person, while an objection to the jurisdiction of the person is a waiver of nothing.”
 

 The record discloses in the present instance that the appearance of the defendant by his motion to discharge the attachment was solely for the purpose of protesting against the jurisdiction of the court over his person, and not an entry of appearance.
 

 It is our conclusion that the jurisdiction of the justice over the plaintiff in error, defendant below, ceased upon the dissolution of the attachment. It follows that the judgments of the courts below must be reversed.
 

 .
 
 Judgment reversed. Final judgment entered for plaintiff in error.
 

 Marshall, C. J., Allen, Kinkade, Eobinson and Matthias, JJ., concur.
 

 Jones, J., not participating.