INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Plaintiff, *v.* MARY MURPHY et al., Defendants.

Supreme Court, Special Term, Broome County, February 4, 1954.

*Kramer, Night & Wales* for plaintiff.

*Meagher, Eisenhart & Madigan* for Mary Murphy, defendant.

*O'Loughlin & Starikov* for Robert Murphy, defendant.

McAvoy, J.  This is a motion by plaintiff for a summary judgment in an action brought by it for a declaratory judgment to determine its rights and obligations under a policy of automobile liability insurance, in the standard form, issued to the defendant Robert Murphy.

The material facts set forth in the moving papers are not in dispute.  The defendants were husband and wife.  On September 4, 1953, the defendant Mary Murphy, obtained an interlocutory decree of divorce from the insured, Robert Murphy. Thereafter, and on the same day, while operating separate automobiles the insured's car collided with that of Mary Murphy, causing her certain personal injuries.  On October 7, 1953, she commenced an action in negligence against the insured to recover damages therefor.  The insured has called upon the plaintiff insurer to defend or settle such action under the policy.  The policy did not contain the express provision required by subdivision 3 of section 167 of the Insurance Law to extend coverage to the insured's spouse.

The insurer, in its action for a declaratory judgment, has asked to have its rights clarified and its obligations, if any, to the defendant under the policy determined, in order that it may know whether it has a legal obligation to defend the action against its insured, or to pay any judgment which might ultimately be obtained against him.

The unusual facts existing in the pending litigation present a proper case for a declaratory judgment and the entertainment of a motion for summary judgment therein because only questions of law are involved.

The first question concerns the marital status of these defendants on the day of the accident.  It seems clear that notwithstanding the granting of the interlocutory decree of divorce, they remained husband and wife until three months had elapsed from the date of its entry.  (See *Matter of Crandall,* 196 N. Y. 127, 130; *Kingsbury* v. *Sternberg,* 178 App. Div. 435, 436; *Pettit* v. *Pettit,* 105 App. Div. 312; *Burgher* v. *Burgher,* 184 Misc. 682.)

The insured contends, however, that by the time the negligence action has been determined the interlocutory decree of divorce will have become final and the marriage dissolved and

that coverage under the policy will then attach. This raises the question as to when the insurer's liability becomes fixed under the policy.

The insurer, by the terms of the policy, agreed to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury" — and "defend any suit against the insured alleging such injury — even if such suit is groundless, false or fraudulent."

The Court of Appeals in a case where substantially the same provisions were contained in the policy, has answered this question. It held in *Stonborough* v. *Preferred Acc. Ins. Co. of N. Y.* (292 N. Y. 154, 155), that: "By the terms of the policy *the liability of the insurer became fixed on the happening of the accident,* at which time the plaintiff and the insured were not married." (Italics mine.) This being so, the insurer's liability in the present case became fixed as of the date of the accident, at which time the defendants were still husband and wife, and hence there would be no coverage under the policy for injuries to the wife.

The final question to be determined is whether the insurer nevertheless has an obligation to come in and *defend* the negligence action brought against its insured. In this connection FULD, J., has pointed out in the case of *Goldberg* v. *Lumber Mut. Cas. Ins. Co.* (297 N. Y. 148, 154), that: "'The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the insured to *defend* the question is not whether the injured party can maintain a cause of action against the insured, but whether *he can state facts which bring the injury within the coverage.* If he states such facts the policy requires the insurer to defend irrespective of the insured's ultimate liability.'" (Italics mine.)

However, the insured's difficulty in that respect here is that the allegations in the affidavits submitted upon this motion for summary judgment reveal that the defendant Mary Murphy, who is the plaintiff in the negligence action, *cannot state facts* in such action against the insured which bring her injuries within the coverage of the policy, because she was still his spouse on the day of the accident. This fact is not denied, and apparently cannot be denied in any answering affidavits on the part of the defendants. Under these circumstances the insurer should not be compelled to defend such action.

Therefore, plaintiff's motion for summary judgment for the relief **demanded** in its action for a declaratory judgment is **granted,** without costs.