Miles F. McDonald, J.
This is an action for a declaratory judgment seeking a determination of the rights and other legal relationships between the plaintiff and defendants under a policy of insurance and for an injunction restraining the defendant *20 Rae Ganser as an individual from bringing any action against the plaintiff based upon the policy of insurance issued to the defendant’s intestate, Harry Ganser. The facts so far as pertinent to the issues involved are as follows:
On or about December 19, 1952, the plaintiff issued a policy of automobile liability insurance to the defendant’s intestate, Harry Ganser, which policy was for a term commencing on January 10, 1953, terminating on January 10, 1954, and covering a 1950 Chrysler automobile. The policy was dated and issued in the county of Kings, city and State of New York, and the motor vehicle, the subject thereof, was to be principally garaged in Great Neck, Nassau County, New York. There were no exceptions or exclusions of the coverage contained in the policy which are applicable here. The limits of liability were to the extent of $25,000 for the injury to one person and $50,000 for the injury to two persons.
At the time of the issuance of the policy defendant Rae Ganser and Harry A. Ganser, her intestate, were husband and wife, and resided together within the State of New York. On December 22, 1953, during the term of the policy, the automobile covered thereby was being operated by the insured, Harry A. Ganser, in the city of Florence, in the State of South Carolina, at which time it was involved in an accident as a result of which the defendant Rae Ganser, a passenger in the motor vehicle, suffered personal injuries and Harry Ganser suffered injuries from which he subsequently died.
Subsequently Rae Ganser, as plaintiff, instituted an action in the District Court of the United States for the Eastern District of South Carolina, Columbia Division, against Walter B. Jones, as administrator of the estate of Harry A. Ganser, deceased, for damages for personal injuries sustained by her in said accident. Said action is now pending undetermined in said court. In the instant action plaintiff alleges in its complaint that the defendant Rae Ganser, individually and as administratrix of the estate of Harry A. Ganser, deceased, by appointment of appropriate courts of the State of New York, claims that the plaintiff’s policy of insurance covers her individual claim against the estate of Harry A. Ganser, deceased, in South Carolina, and covers any liability of the estate of Harry A. Ganser, deceased, in the action instituted by her individually against Walter B. Jones, as ancillary administrator of . the estate of Harry A. Ganser in South Carolina. These allegations are not denied and the defendant affirmatively asserts that in the event of a judgment in favor of the defendant Rae Ganser in the action in which she is a plaintiff, brought in the United States District *21 Court, the plaintiff insurance company will be under obligation to pay any such judgment within the limits of its insurance policy. The claim of the plaintiff is based upon subdivision 3 of section 167 of the Insurance Law of the State of New York which provides as follows: “No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.” It is admitted that there is no such ‘ ‘ express provision relating specifically thereto ” included in the policy in question.
The defendant contends that the policy in question does afford coverage in actions brought by a spouse where the accident which gives rise to the cause of action occurs outside of the State of New York. Secondly, that there is no justiciable controversy existing between the parties so as to justify the court in exercising its discretion in assuming jurisdiction in this action. Thirdly, that there is no privity between the parties which would authorize the issuance of the injunction.
Before proceeding to discuss the primary question, it is necessary to treat of the contention of the defendant that the court should not entertain the present application. It is the opinion of this court that a justiciable controversy exists which warrants the court in exercising its discretion and in assuming jurisdiction to determine the rights of the parties involved (Standard Acc. Ins. Co. v. Newman, 268 App. Div. 967; Indemnity Ins. Co. of North America v. Murphy, 205 Misc. 332; Bradford v. Utica Mut. Ins. Co., 179 Misc. 919). Of primary importance, therefore, is the solution of the problem concerning the law to be applied. It is conceded by the plaintiff that the rights ex delictu of Ganser arising out of the accident in South Carolina are to be determined under the laws of that jurisdiction. The plaintiff, however, strenuously urges that Rae Ganser’s rights, if any, against it are to be determined by the law of New York. Clearly, the weight of authority is to this effect. Such rights as Rae Ganser may have to recover under the policy pleaded in the complaint are rights which arise ex contractu and must under ordinary circumstances be fixed and determined lex loci contractus. This rule, however, permits of exceptions, the most important being that where it is within the contemplation of the contracting parties that performance will take place in another jurisdiction, the law of the place or performance, lex loci solutionis must be applied. Such exception, however, admits of even further exceptions within itself. When the contract is ambulatory and contemplates performance within many juris *22 dictions, the agreement would be susceptible of so many varied and contradictory interpretations that the parties could not themselves understand the purport of their own agreement. Consequently, in such cases the courts must, pragmatically, again apply the rule of lex loci contractus (Fish v. Delaware, Lackawanna & Western R. R., 211 N. Y. 374; Smith v. Compania Litografica De La Habana, 127 Misc. 508, affd. 220 App. Div. 782; Conklin v. Canadian-Colonial Airways, 266 N. Y. 244). The policy itself provides coverage while the automobile is “ within the United States of America, its territories or possessions, or Canada.” To the modern American motorist, State boundaries no longer exist. Arterial throughways will soon connect New England with Midwest, with no hindrance save the petty inconvenience of toll gates. To expect an insurance carrier — much less the lay assured — to have within its contemplation at the time of the issuance and acceptance of each policy the statutory law of the 48 States,, as well as the legal nuances of judicial interpretation, would be to require the impossible. Common sense therefore requires that the contract of insurance pleaded here must be governed by and interpreted under the laws of New York.
Even in this jurisdiction considerable uncertainty exists with respect to the interpretation to be given to subdivision 3 of section 167 of the Insurance Law and to contract executed in conformity therewith. Two decisions deal directly with the subject, and equally learned courts have reached contrary determinations, although recently a similar case has been determined, in the Supreme Court of Errors of the State of Connecticut. Because of the paucity of precedent, as well as the diversity of determinations within this State, it appears necessary for this court to reach an independent conclusion as well as to evaluate such precedents as may shed light upon the problem.
It is argued by all concerned that the enactment of subdivision 3 of section 167 of the Insurance Law is ‘‘ merely a by-product of an important amendment to the Domestic Relations Law ”, namely, section 57 of the Domestic Relations Law, as amended by chapter 669 of the Laws of 1937, by which either spouse was granted a right of action against the other ‘ ‘ for negligent injury to person or property ” (Fuchs v. London & Lancashire Ind. Co., 258 App. Div. 603, 605). The amendment to section 57 of the Domestic Relations Law, it is strenuously asserted by defendant, was prompted by the decision in Mertz v. Mertz (271 N. Y. 466), and that whenever the courts have been called upon to construe subdivision 3 of section 167 there has been a unanimity of opinion that, while the Legislature *23 intended to grant each spouse a right of recovery against the other, it equally sought to protect the insurer against the fraud and collusion that was inherent in such a situation, and found the solution to this problem in the simultaneous enactment of subdivision 3 of section 167 of the Insurance Law. If this be true it is difficult to ascertain why the situation was not equally pregnant with the peril of collusion and fraud if the accident which gave rise to the situation occurred outside of the State of New York. Human nature is the same in the 48 States as it is in New York, and the assertion of claims in one State by a spouse against the other would certainly not be diminished by the thought that the damages would be received from the wife and husband in name only but in reality would be provided by the corporate funds of the insurance carriers. It has apparently been overlooked by those attributing the simultaneous enactment of section 57 of the Domestic Relations Law and subdivision 3 of section 167 of the Insurance Law, that if the intent to avoid the implication of Merts v. Merts (supra), is to be attributable to the Legislature, the intent must equally apply to all parts of that decision, and it is most important to note that the accident which gave rise to the action or Merts v. Merts occurred in the State of Connecticut. It is argued that the intention of the Legislature was not to cut down the liability of insurance companies which already existed to cover the assured for liability from accidents arising outside the State, although there is little or no basis shown which justifies this assertion. It seems equally arguable that the decision in Merts v. Merts for the first time called to the attention of the Legislature the liability to which insurance companies were exposed by reason of accidents occurring in foreign jurisdictions and the Legislature took action to afford them protection against the fraud and collusion which was inherent therein, by the enactment referred to.
The statutory provision is clear, succinct and unequivocal. It reads as follows: “ 3. No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy. ’’ (Italics supplied.) Certainly there is no ambiguity in the word “ no ”, It is as complete a negative as it is possible to express, and similarly the word ‘‘ any ” is as inclusive as any other word in the English language. This provision of law is automatically a mandatory part of every insurance contract of this nature issued in the State of New York. Judge Crane of the *24 Court of Appeals, in construing section 109 of the Insurance Law (predecessor section of the present § 167) said as follows: “ The law is mandatory, and any insurance company which issues a policy without this provision violates the law. Should the provision be omitted the courts will read into the policy this provision in order to give effect to this salutary regulation. When the contract of insurance is made and the policy is issued, it is made in contemplation of this law, which immediately becomes part of it” (Bakker v. Ætna Life Ins. Co., 264 N. Y. 150, 153).
While it is true this case was decided prior to the enactment of subdivision 3 of section 167, it has been cited on numerous occasions as still being applicable to the entire section. Yet, despite the compulsive nature of the section, we are asked to read into this policy a variance therewith, namely, the statement that the same only applies to actions arising out of accidents which occurred in this State. To arrive at such a determination of legislative, intent requires clairvoyance, for nothing within the statute or surrounding circumstances serves as a foundation for this tortured construction. The two New York cases directly concerned with the point in issue can best be evaluated if discussed and considered chronologically.
The first of these, Lamb v. Liberty Mut. Ins. Co. (N. Y. L. J., Feb. 27, 1941, p. 894, col. 2, affd. 263 App. Div. 859). The factual situations are identical except that therein the accident occurred in Connecticut. In that case Judge Stexteb held: ‘ ‘ When the broad purpose of the Legislature is taken into consideration, namely, the simultaneous amendment of Domestic Relations Law, section 57, Insurance Law, section 109, Vehicle and Traffic Law, section 59, it will be seen that what was intended was to wipe out the bar to suits between spouses for tort, but not to make insurers liable where the tort was the result of an automobile accident (Fuchs v. London & Lancashire Indemnity Co. of Am., 258 App. Div. 603). As to the second point, concededly the statute does not apply to an accident in Connecticut. But this suit is brought not upon an accident but upon a contract made in New York and performable here. The statute applies to it.” (Emphasis added.) That this decision remained unchallenged for approximately 15 years is a strong recommendation for the cogency of the arguments which led to the determination as well as to the stature of the jurist who made the decision. As far as the briefs of counsel and independent research of the court reveal, it was not until September of 1955 that any contrary decision appeared. Then, New Amsterdam Cas. Co. v. Stecker (208 Misc. 858) was *25 decided in New York County. No reference is made therein to the previous decision of Lamb v. Liberty Mut. Ins. Co. (supra), the court relying upon the more recent decision in Williamson v. Massachusetts Bonding Co. (142 Conn. 573), in which latter case the Connecticut court was endeavoring to ascertain the law of New York, but apparently was not advised of the previous contrary decision in Lamb v. Liberty Mut. Ins. Co. (supra) nor of the mandatory inclusion of subdivision 3 of section 167 in every policy within the State. Despite the holding of the learned Supreme Court of Errors of Connecticut in the Williamson case, this court is of the opinion that logic compels, and the decision in Lamb v. Liberty Mut. Ins. Co. (supra) unanimously affirmed requires the determination that the policy in question affords no coverage in any action based upon the liability of one spouse against the other.
With respect to the injunctive relief sought, it must be noted that no attempt was made to enjoin Rae Ganser from pursuing such rights and remedies as she may have against the estate of her deceased husband, and certainly none could be granted to this effect. Rather the plaintiff seeks merely to enjoin any action against itself based upon the policy of insurance. Such benefits as may inure to the plaintiff, therefore, are derivative from the contractual rights of the insured, Harry Ganser. The privity of contract necessary as a basis for the injunctive relief may be found therein, and as the decision on the principal issue is determinative of the rights of the plaintiff and makes further action futile, the injunction prayed for may issue. Settle judgment accordingly determining (a) That plaintiff’s policy did not contain any express provision covering liability for injury to the spouse of the named insured, Harry A. Ganser, and contained no coverage for liability to defendant Rae Ganser; (b) That plaintiff’s policy issued to defendant’s intestate Harry A. Ganser is and at all times mentioned herein was a New York contract governed by the Insurance Laws of the State of New York; (c) That plaintiff is not obligated to pay on behalf of the estate of Harry A. Ganser any sum which the said estate shall become legally obligated to pay as damages because of the bodily injury sustained by defendant Rae Ganser in the aforesaid accident; and (d) That the defendant Rae Ganser, as administratrix of the goods, chattels and credits of Harry A. Ganser, deceased, and Rae Ganser, individually, be permanently enjoined from bringing any action against the plaintiff based upon or arising out of the aforesaid accident and based upon the individual claims of the said Rae Ganser, and upon plaintiff’s policy of insurance.