Daly, J.
This is an action for a declaratory judgment brought by the insurance carrier against the owner and operator of the insured motor vehicle and against his wife Alice Javian, who, as a passenger therein, was injured when said automobile was involved in an accident on the Merritt Parkway in Trumbull, Connecticut. Both defendants were served with process in this action, but only Alice Javian appeared and answered; her husband defaulted.
At the time this action was commenced, there was an action pending in the Superior Court, County of Fairfield, State of *96 Connecticut, in which the defendant Alice Javian sought to recover of her husband, the defendant George K. Javian, the sum of $90,000 as damages for the injuries she sustained. When the plaintiff was called upon to defend that action, the plaintiff refused to do so, disclaiming any liability on its part for the claim asserted in that action. Subsequently that action was discontinued, and a motion later made to revive it, was denied. As of the present time, there is no action pending in this or any other jurisdiction by the defendant Alice Javian to recover damages for the injuries she sustained as a result of the accident described above. Accordingly, it is the contention of the defendant Alice Javian that no present justiciable controversy exists warranting the exercise by this court of its discretion in assuming jurisdiction, and that, therefore, it should decline to pronounce a declaratory judgment (Rules Civ. Prac., rule 212).
It is indeed true that as of the present time the claim with respect to which the plaintiff seeks a declaration of its rights under its policy has neither been reduced to judgment nor is the subject of a pending action. Nevertheless, it is evident from the pleadings, the record and the proofs before the court that the defendants still contend that the policy in question covers Alice Javian’s claim for damages; that the plaintiff disavowed coverage and refused to defend the Connecticut action when called upon to do so by the insured; that the latter consented to revive that action after it had been discontinued, and an action against him in this State by his wife to recover damages for the personal injuries she sustained in the Connecticut accident has not yet been tolled by the applicable Statute of Limitations. All of the foregoing makes it clear that the defendants intend to look to the plaintiff to perform its obligations under the policy with respect to that claim. That presents a controversy sufficient to warrant this court entertaining jurisdiction for the purpose of rendering a declaratory judgment. (Cf. Post v. Metropolitan Gas. Ins. Co., 227 App. Div. 156,158, affd. 254 N. Y. 541.)
At the time that the policy was issued and at the present time the defendants were and still are residents of the County of Queens, City and State of New York. It covered a vehicle registered in New York and the application for the policy was made in this State. It was countersigned in New York, issued through a broker with offices in the County of New York and there delivered to the insured. Such policy is accordingly governed by the Insurance Law of the State of New York in which State the plaintiff is licensed to do business.
*97 The contention of the plaintiff that this policy does not cover the claim for damages of the wife of the insured is predicated upon subdivision 3 of section 167 of the Insurance Law of the State of New York which provides as follows: “ No policy or contract shall be deemed to insure against any liability of an insured because of death of, or injuries to his or her spouse or because of injury to or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.” No such “ express provision relating specifically thereto ” is included in the policy in question. Nevertheless, the defendant Alice Javian contends that she is entitled to judgment dismissing the plaintiff’s complaint on the merits. Her position is that the enactment of subdivision 3 of section 167 of the Insurance Law was merely a by-product of an amendment to section 57 of the Domestic Relations Law by which either spouse was granted a right of action against the other for negligent injury to person or property and that the New York Legislature had no intention to affect the liability of the insured for damages sustained by his wife as the result of an accident occurring in a State where, as in Connecticut, a spouse has been and still is liable for such personal injuries.
It is indeed true that the foregoing is supported by such recent decisions as Williamson v. Massachusetts Bonding Co. (142 Conn. 573) and New Amsterdam Cas. Co. v. Stecker (208 Misc. 858). However, in a later decision in the Supreme Court, Kings County (General Acc. Fire & Life Assur. Corp. v. Ganser, 2 Misc 2d 18), Mr. Justice McDonald, after reviewing the last-cited cases, nevertheless held, under circumstances similar to those present here, that a policy such as the one in question affords no coverage in any action based upon the liability of one spouse against the other. He there relied upon Lamb v. Liberty Mut. Ins. Co. (263 App. Div. 859), which affirmed the decision below of Mr. Justice Steuer of the Supreme Court, New York County (N. Y. L. J., Feb. 27,1941, p. 894, col. 2). In that case, Judge Steuer held: “ When the broad purpose of the Legislature is taken into consideration * * *, it will be seen that what was intended was to wipe out the bar to suits between spouses for tort, but not to make insurers liable where the tort was the result of an automobile accident (Fuchs v. London S Lancashire Indemnity Co. of America, 258 App. Div., 603). * * * As to the second point, concededly the statute does not apply to an accident in Connecticut. But this suit is brought not upon an accident but upon a contract made in New York and performable here. The statute applies to it.”
*98 This court is persuaded by the foregoing reasoning and that of Mr. Justice McDonald in General Acc. Fire & Life Assur. Corp. v. Ganser (supra). Accordingly, judgment will be entered in favor of the plaintiff declaring that the plaintiff’s policy issued to the defendant George K. Javian is and at all times mentioned herein was a New York contract governed by the Insurance Law of the State of New York; that such policy contained no express provision covering liability for injury to the spouse of the insured and contained no coverage for liability to the defendant Alice Javian; that the plaintiff is not obligated to pay, on behalf of the insured, any sum which he shall become legally obligated to pay as damages because of the bodily injuries sustained by the defendant Alice Javian as the result of the accident in question.
Settle judgment on notice.