George M. Fanelli, J.
This is an action by plaintiff insurance company for a declaratory judgment against its insured, John J. Anastasio, Mary J. Anastasio, his wife, and Catherine La Russo, his mother-in-law, the latter two defendants being passengers.
The issues herein have been submitted upon an agreed statement of facts. Findings of fact and conclusions of law have been waived by all parties.
From the stipulated facts it is alleged and agreed that said wife and mother-in-law have instituted and there is now pending in this court an action by them against the insured defendant, John J. Anastasio, for personal injuries allegedly sustained by them in an accident while riding as passengers in the automobile owned and operated by him on October 17, 1954, on the Merritt Parkway in the State of Connecticut.
The automobile liability policy of insurance, which is the subject matter of this action, was issued by plaintiff in the State of New York to said defendant, John J. Anastasio, who resided in this State and same was in full force and effect at the time of said accident. It is further agreed that said policy did not contain any express provision pursuant to subdivision 3 of section 167 of the Insurance Law protecting him against liability in the event of injury to his wife, Mary J. Anastasio.
In this action plaintiff seeks a judgment declaring, inter alia, that there is no obligation on its part under said policy either to defend the insured in the cause of action instituted against him by his said wife or to pay any judgment that may be recovered by her against him. The contention of plaintiff that this policy does not cover the claim for damages of the wife of the *240 insured is predicated upon the afore-mentioned subdivision 3 of section 167 of the Insurance Law which provides as follows: “ No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.” No such “ express provision relating specifically thereto ” is included in the policy in question.
On the other hand, it is the position of defendant wife that the enactment of subdivision 3 of section 167 of the Insurance Law was merely a by-product of an amendment to section 57 of the Domestic Relations Law by which either spouse was granted a right of action against the other for negligent injury to person or property; that the law of the place where the tort or wrong is committed controls and the rights and liabilities arising out of an automobile accident are governed by the law of the State in which the accident occurs, regardless of where the insurance policy was issued (Coster v. Coster, 289 N. Y. 438). This latter contention is without merit.
Assuming arguendo that the tort liability of the insured toward his wife is determinable under the laws of the State of Connecticut, nevertheless, the question posed by the instant case is what law determines the obligations of plaintiff carrier under its policy.
The Appellate Division of the First Department recently held that the afore-mentioned provisions of subdivision 3 of section 167 of the Insurance Law excludes from coverage not only those automobile accidents — involving husband and wife — that happen in this State, but also any accidents within the geographical areas covered thereunder. (New Amsterdam Cas. Co. v. Stecker, 1 A D 2d 629.) The court further held that the said exclusion provision of the Insurance Law is mandated into every policy of automobile liability insurance issued in this State, and that where as here, there was no express provision for such coverage in the policy, the statute must be considered as part of the policy. (See, also, General Ace. Fire & Life Assur. Corp. v. Ganser, 2 Misc 2d 18, involving an accident in South Carolina; Lamb v. Liberty Mut. Ins. Co., N. Y. L. J., Feb. 27, 1941, p. 894, col. 2, affd. 263 App. Div. 859, involving an accident in Connecticut; General Ace. Fire & Life Assur. Corp. v. J avian, 2 Misc 2d 94, involving an accident on the same Merritt Parkway, State of Connecticut, with a factual situation similar to that in the case at bar.) The conclusion is inescapable that the clear and positive mandate of the Legislature in the afore-mentioned section *241 of the Insurance Law is to withhold coverage in actions between husbands and wives arising out of automobile accidents, and this exclusion of coverage is not limited to accidents which arise solely in this State.
Accordingly, in the light of the afore-mentioned authorities and the cases cited therein, judgment will be entered in favor of plaintiff declaring that the policy of insurance issued by plaintiff to defendant, John J. Anastasio, does not cover liability for injury to his wife, Mary J. Anastasio, and plaintiff is not obligated to defend on his behalf the cause of action brought by her against her husband in this court and" that plaintiff is not obligated to pay any judgment the husband may become legally obligated to pay as damages resulting from the said accident to his said spouse. No costs.
In the interest of orderly trial procedure (wherein a litigant may be represented by only one trial counsel) and in order to avoid any possible prejudice to plaintiff carrier in its right to control the course of the trial with respect to the trial of the cause of action of the codefendant mother-in-law, Catherine LaRusso, it is the court’s opinion that plaintiff’s prayer for a severance of the trial of each of the two causes of action in the hereinbefore pending negligence action should be and the same is granted.
Settle judgment on notice.