Aron Steuer, J.
John Asselta, the owner of an automobile, allowed William Lamb to use it. On July 12, 1940 Lamb took his wife, the plaintiff, driving in the car and while in Connecticut she suffered injuries in an accident. She brought suit against Asselta and her husband. Defendant, insurance company, had issued a policy to Asselta. It defended plaintiff’s action against Asselta but refused to defend the action against her husband. Her husband did not defend and as a result of an inquest plaintiff obtained a judgment against him for $2,541.70. This judgment remained unpaid for 30 days and after due notice this suit was brought (Insurance Law, § 167, subd. 1). These facts being undisputed both sides move for judgment.
The policy issued provided, “ III Definition of Insured. The unqualified word ‘ insured ’ wherever used in Coverage A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile * * * with the permission of the named insured.” Plaintiff’s husband was therefore an insured under the policy.
Subdivision 3 of section 167 of the Insurance Law provides: “ 3. No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse ’ ’.
Plaintiff claims this provision lacks application for two reasons. Firstly because it is claimed the word ‘ ‘ insured ’ ’ means the named insured, the person to whom the policy was issued, and secondly because she claims that the statute has no application to an accident taking place in Connecticut.
As to the first contention, there is no warrant for believing that the Legislature meant anything other than what they said specifically. One who drives Avith the permission of the owner becomes an insured. What possible ground is there for the belief that without so indicating the Legislature had in mind not that insured but some other! When the broad purpose of the Legislature is taken into consideration, namely the simultaneous amendment of section 57 of the Domestic Relations Law, *238 section 109 of the Insurance Law and section 59 of the Vehicle and Traffic Law (L. 1937, ch. 669), it will be seen that what was intended was to wipe out the bar to suits between spouses for tort, but not to make insurers liable where the tort was the result of an automobile accident (Fuchs v. London & Lancashire Ind. Co. of America, 258 App. Div. 603). This purpose would be defeated by the strained construction urged by plaintiff. The oft-heard argument is advanced that if the Legislature meant to include an insured other than the name insured they would have said so. As well claim that if they meant the named insured only they would have said that.
As to the second point, concededly the statute does not apply to an accident in Connecticut. But this suit is brought not upon an accident but upon a contract, made in New York and performable here. The statute applies to it. If it is claimed that the action rests upon the statute requiring the defendant to include clauses in its contract rather than the contract itself (Jackson v. Citizens Cas. Co., 277 N. Y. 385), the plaintiff is in. no better position. She cannot seek the solace of a statute and avoid on territorial grounds the effect of another which limits the statute relied on.
Motion denied, cross motion granted. • The clerk is directed to enter judgment for defendant accordingly.