Fred L. Bradford, Plaintiff, *v.* Utica Mutual Insurance Company, Defendant.

Supreme Court, Special Term, Albany County, February 26, 1943.

*M. Michel Dobris* for plaintiff.

*Morgan F. Bisselle* for defendant.

BERGAN, J. Plaintiff is a resident of Massachusetts. Defendant is a domestic insurance company. In 1941 defendant wrote a policy in Massachusetts insuring plaintiff against liability for death or injuries in the operation of a motor vehicle. The policy, by its terms, covered accidents occurring outside the Commonwealth of Massachusetts as well as those occurring within that State. Plaintiff's wife was killed in an accident occurring in New York while a passenger in plaintiff's car. Her administrator has sued plaintiff in New York. Defendant has refused to defend the action upon the ground that no liability is incurred under the policy for the cause of action asserted against plaintiff by the administrator. The policy required the insurance company to defend plaintiff in any cause of action for which coverage was afforded. This action is for a declaratory judgment which shall determine the jural relations of these parties under the contract of insurance in advance of the trial and adjudication of the negligence action.

Defendant moves to dismiss the complaint on the ground it does not state facts sufficient to constitute a cause of action. Since there is a justiciable controversy between the parties, and since a declaratory judgment is appropriate and would serve a useful function, a good case is made out for such a declaration between the parties, and the motion to dismiss the complaint must be denied, whether or not the declaration of rights is to be made in the judgment as the plaintiff claims them to be. (*Rockland Light and Power Co.* v. *City of New York*, 289 N. Y. 45, 51.) In upholding the complaint there the court did not reach the merits of the controversy.

Since the parties have thoroughly argued the merits of this controversy upon the assumption that the motion addressed to the complaint reached the merits, and since there seems to be no underlying dispute of the fact some treatment of the merits upon this motion is indicated.

Under the law of Massachusetts a husband is not liable to his wife for tort. Such liability exists in New York. (Domestic Relations Law, § 57.) The New York statute provides with reference to liability policies of insurance that no policy shall be deemed to insure a husband or wife against liability for death or injuries to a spouse unless the policy expressly states such a coverage. (Insurance Law, § 167, subd. 3.) The law of Massachusetts contains no such restriction upon insurance contracts.

It must be assumed that since the accident occurred in New York the court will take jurisdiction of the tort action and will apply the law of the State to the controversy by allowing, upon a proper showing of facts, a recovery by the wife's administrator against the husband for negligently causing her death.

The insurance company's contention is that since the effect of the New York statute is to relieve insurance carriers of liability in actions between husband and wife unless the carriers have expressly assumed such a risk, the court in New York should not enforce the contract made in Massachusetts which, under the law of that State, was not required to contain express provision for such a risk and where in that State the risk of this kind of liability did not exist, and that to enforce it would do violence to the public policy of the State.

The defendant, however, did not limit itself to the kinds of risk that would be met under the laws of Massachusetts. It assumed those risks, but it also undertook to protect the plaintiff, as the contract of insurance says expressly, against liability beyond the territory of Massachusetts, wherever that liability might be incurred. Therefore the parties necessarily contemplated protection to the plaintiff against all the various kinds of liability within the definitions of the policy that might be imposed by the laws of the locality in which the risk might arise. The defendant assumed to cover plaintiff in whatever State or territory the insured vehicle might have been driven. The law of tort liability in the State where the contract was made, therefore, is not pertinent, and in the treatment of the extent of coverage under the policy the fact the accident which gave rise to the risk occurred in New York has no greater significance than if the accident had occurred in some other State similarly recognizing a tort liability of husband to wife.

For such a policy of insurance covering ambulant liability arising beyond its jurisdiction, Massachusetts law did not give to insurance companies the protection against assuming liability of husband to wife afforded by the laws of New York to insurance companies, and defendant urges that the court decline to enforce the Massachusetts contract, and to treat it as though the contract had been made in New York.

The fact defendant is a New York corporation entitles it to no different treatment in respect of its contracts made elsewhere from that which would be accorded to the contracts of foreign corporations similarly made and before the New York court for adjudication. (*United States Mortgage & Trust Co.* v. *Ruggles,* 258 N. Y. 32, 41.) Defendant undertook to do business in

Massachusetts and its contracts there were the subject of the municipal laws of that Commonwealth. The premium was paid and the contract was delivered in Massachusetts and under the general rule the contract was a Massachusetts contract " and governed by the laws of that State." (*Mutual Life Ins. Co.* v. *Cohen*, 179 U. S. 262, 264; *Equitable Life Society* v. *Clements*, 140 U. S. 226, 232.) " The obligation of a contract undoubtedly depends upon the law under which it was made." (*Northwestern Mutual Life Ins. Co.* v. *McCue*, 223 U. S. 234.)

In *United States Mortgage and Trust Co.* v. *Ruggles* (*supra*) it was held that an insurance contract made in Ohio with an assured subsequently becoming a resident of New York and paying premiums here was governed by the law of Ohio, and the rights of creditors to the proceeds, then afforded by New York law but denied by Ohio, would not be enforced by the court. " The laws of Ohio govern the rights created by the policies * * * in matters bearing upon the capacity of the parties to contract and upon the execution, the interpretation and the validity thereof." (P. 38.) For this the court relied on *Central Bank of Washington* v. *Hume* (128 U. S. 195) and *Scudder* v. *Union National Bank* (91 U. S. 406). It was said that " no policy of the forum is offended " by a refusal to subject the proceeds of foreign policies " to the State law." The statute there considered, as indeed it must be said of this one, " has no extraterritorial effect." (P. 41.) (See also *Mutual Life Ins. Co.* v. *Cohen, supra,* 265, 266; *Vanderpoel* v. *Gorman,* 140 N. Y. 563, 570.)

Again, it has been said, in respect of contract relations, that " unless there is something immoral or fundamentally unjust in the arrangement, there is no policy of our State which forbids the enforcement of contracts or agreements which are legal according to the law of the place of performance." (*Benton* v. *Safe Deposit Bank,* 255 N. Y. 260, 267.) The rule is of quite general application in respect of foreign contracts, however repugnant their enforcement may be to our views in New York. *Holzer* v. *Deutsche Reichsbahn-Gesellschaft* (277 N. Y. 474) is a good example of a consistent judicial policy.

The rule extends, though perhaps not quite so strongly, to tort liability. In such a case, the law applicable where the cause arose is to be applied in New York where there is jurisdiction of the action here, though a different rule would apply to cases arising within this State. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99.) " We do this unless some sound reason of public policy

makes it unwise to lend our aid.  *  *  *  Our own scheme of legislation may be different. We may even have no legislation on the subject. That is not enough to show that public policy forbids us to enforce the foreign right.  *  *  *  We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home.'' (Pp. 110, 111.) Conversely, relief will be refused when not recognizable by the State where the cause of action in tort arose, though available if it arose here. (*Coster* v. *Coster*, 289 N. Y. 438.)

*Straus & Co.* v. *Canadian Pacific Ry. Co.* (254 N. Y. 407) is distinguishable. There the contract of the common carrier was to be performed partly in New York, which was the destination of a shipment, and was based upon the general rule, as the court said, that upon a loss the carrier was liable for damage of the value at the destination. (P. 416.) It was held that the courts will not enforce an exemption clause in a bill of lading for '' delivery of goods to a citizen within this State '' repugnant to the public policy of the State. (P. 414.) In *Mertz* v. *Mertz* (271 N. Y. 466), which turned on tort liability, it seems to have been recognized that no form of action, by which the relief sought under the rights created in Connecticut could be obtained, was then available here because of existing disability of the parties to sue.

Massachusetts permits insurance companies to undertake risks which transcend its boundaries and the limitations of its municipal laws of tort liability. It does not restrict such liability between a husband and wife if incurred under the municipal laws of another State to contracts where there is express provision to that effect. That New York frees a carrier of such a risk without such a provision is a detail in our internal regulation of insurance contracts, probably exercised in view of the broadening of the base of liability at the same time. It is reasonable to suppose that Massachusetts knew of our extension of tort liability and of the trend of extension in other states. We created a protection to carriers. Massachusetts permitted the writing of contracts for extraterritorial liability without such protection. That is all there is to the point raised.

Surely we are not at liberty to impose our policy upon Massachusetts contracts because our treatment of this regulatory subject differs from hers, or to withhold our enforcement of such a contract in a proper case, upon the theory that it is offensive to morals or public policy. Nor are we at liberty to fill the gaps or suggest the direction of regulation or exception in Massachusetts. It is enough that we have a contract valid

where made and broad enough to contemplate this risk. Comity impels enforcement.

Motion addressed to the complaint denied. Defendant may have twenty days after service of the order to answer. No costs. Submit order.