NORMA ROBERTS CLEMENT, FORMERLY KNOWN AS NORMA ROBERTS, PLAINTIFF-RESPONDENT, v. ATLANTIC CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT.

Argued October 5, 1953—Decided November 2, 1953.

440

*Mr. Abraham I. Harkavy* argued the cause for appellant (*Messrs. Harkavy and Lieb,* attorneys).

*Mr. Samuel A. Gennet* argued the cause for respondent.

The opinion of the court was delivered by

WACHENFELD, J.   The appellant, an insurance company, in 1948 issued its policy to Joseph Clement, a New Jersey resident, insuring him against loss in the operation of his automobile.

While driving his car covered by the policy, Clement was involved in an accident in New York, running into a parked car.   His fiancee, Norma Roberts, the respondent, a passenger, was injured.   She brought suit in the Supreme Court of New York against both Clement and the owner of the parked car.

Service of process was made on Clement June 3, 1949 in New York State, where he daily visited his fiancee at her home. The following day they married and became domiciled in New Jersey.

The case was tried in the Supreme Court, New York County, in May 1952, resulting in a verdict against Clement for $1,500, after it had been disclosed that the parked car owner had effected a settlement with the respondent for $2,000.

Because of the marriage, the appellant disclaimed liability on the policy and refused payment. The respondent accordingly brought this suit to recover the sum due.

Cross-motions for summary judgment were made under *Rule* 3:56, now *R. R.* 4:58, and the respondent prevailed. *Clement v. Atlantic Casualty Ins. Co.*, 25 *N. J. Super.* 96 (*Essex Cty. Ct.* 1953). From the judgment so entered this appeal is taken, the case being certified here on our own motion.

The appellant, by way of defense, says: the policy of insurance does not cover the claim made; no action can be maintained against the insurance company by the spouse of the assured; the action was not maintainable for failure to comply with conditions precedent, and issues of fact were raised which could not be decided on a motion for summary judgment unsupported by affidavits.

Turning to the contract in question, the appellant relies particularly upon the clause "by reason of liability imposed upon him by law for damages * * * arising out of the ownership, maintenance or use of the automobile," and contends "liability imposed by law" refers to liability as determined exclusively by the law of the State of New Jersey.

We cannot agree with this suggestion. Generally, the rule of the *lex loci delicti*, or the law of the place where the tort or wrong is committed, controls and the rights and liabilities arising out of an automobile accident are governed by the law of the state in which the accident occurs regardless of where the insurance policy was issued. The policy in question covers not only liability as determined by

the law of New Jersey, where the contract was made, but also liability imposed by the law of the state in which the accident occurred.

Admittedly, the respondent had a right of action under the New York law which was not extinguished by reason of her marriage. This is evident by her recovery in that state of the judgment which is the basis for the amount she now claims from the insurance company.

The coverage provided by the insurance policy extended to accidents "while the automobile is within the United States of America, Canada or New Foundland * *. *." Clearly, such liability as arose under the law of New York, where the accident in question occurred, was within the terms of the policy.

There is ample authority supporting these views, and the underlying reasoning is best illustrated in *Coster v. Coster*, 289 *N. Y.* 438, 46 *N. E. 2d* 509 (*Ct. App.* 1943), and *Howard v. Howard*, 200 *N. C.* 574, 158 *S. E.* 101 (*Sup. Ct.* 1931). Extensive quotation from these cases is warranted because they shed much light on the general problem encountered as affected by different jurisdictions.

In the *Coster* case, *supra*, the plaintiff, a resident of New York, while a guest in defendant's automobile, was injured by the negligent operation of the car in Massachusetts. The plaintiff sued the defendant in New York and then married him there. It was contended the plaintiff's capacity to sue must be determined under the Massachusetts law, the *lex loci*, and there plaintiff's marriage extinguished her right to maintain the action. This defense was sustained, the court holding [289 *N. Y.* 438, 46 *N. E. 2d* 511]:

"Under the laws of Massachusetts, the plaintiff was competent to sue Coster to recover damages for personal injuries due to his negligence since she was not his wife at the time of the occurrence of the accident and at the time of bringing suit, but her subsequent marriage to Coster extinguished her right to maintain the action. * * * The doctrine of identification still bars the maintenance of such a suit in that State by a married woman against her spouse. In this State, our public policy is to the contrary * * * Her right to bring and to maintain the suit and to recover damages

against her spouse is a substantive right, a part of her cause of action and not a mere matter of remedy. * * * As to substantive rights, the *lex loci*, not the law of the forum, controls and will be enforced in the courts of the forum in a transitory action such as this unless our public policy forbids. * * * But our public policy to permit the maintenance by one spouse of a suit against the other to recover damages for personal injuries does not require or authorize our courts to ignore foreign law affecting substantive rights where such law merely differs from our own. To render the foreign law unenforceable here as contrary to our public policy under such circumstances, it must additionally violate 'some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal.' * * * The acceptance of that doctrine is general. * * *"

In the *Howard* case, *supra*, suit was brought in North Carolina by a wife against her husband for damages for personal injuries caused by his negligence in operating an automobile involved in an accident which occurred in New Jersey. The husband, admitting a wife could sue a husband in North Carolina, nevertheless contended she could not sue under the laws of New Jersey, where the accident occurred, and his defense was sustained, the court saying [200 *N. C.* 574, 158 *S. E.* 102]:

"The actionable quality of the defendant's conduct in inflicting injury upon the plaintiff must be determined by the law of the place where the injury was done; that is, the measure of the defendant's duty and his liability for negligence must be determined by the law of New Jersey. * * * If an act does not give rise to a cause of action where it is committed, the general rule is that the party who commits the act will not be liable elsewhere, and in such event it is immaterial that a cause of action would have arisen if the wrong had been done in the jurisdiction of the forum. *Minor on Conflict of Laws*, 479, § 194. 'If under the *lex loci* there be a right of action, comity permits it to be prosecuted in another jurisdiction; but if under the *lex loci* no right of action is created or exists, then it exists nowhere and can be prosecuted in no jurisdiction.' "

Urging that an affirmance of the judgment below permits the wife to violate our rule of public policy prohibiting an action at law by the wife against her husband and to accomplish indirectly that which could not be done directly, the appellant cites *Bendler v. Bendler*, 3 *N. J.* 161 (1949).

There we held the integrity of the marriage relationship was of primary concern to society, and the principle of the statutory provisions continued the common law mutual disability of a husband and wife to contract *inter se* or to sue each other.

■ But neither the rule nor the reason upon which it is based applies to the case *sub judice*. The immunity of the spouse does not carry over to a third party against whom a direct cause of action exists, even though the husband's negligent conduct is the basis of the claim made.

In *Wolfer v. Oehlers*, 8 *N. J. Super.* 434 (*Law Div.* 1950), after dismissing the suit brought by the wife against her husband because in this jurisdiction "there exists a reciprocal disability which precludes a suit of one spouse against the other for personal injuries," the court continued the cause against the third party pending proof of the agency of the husband.

Similarly, although a husband is immune from civil liability in an action against him by his wife by reason of their marital relationship, yet such immunity does not extend to the employer for whom the husband was acting. *Hudson v. Gas Consumers Ass'n*, 123 *N. J. L.* 252 (*E. & A.* 1939).

■ By the same rationalization, permitting the enforcement here of a right against the insurance carrier arising out of its obligation to pay according to the terms of its policy constitutes no trespass upon our public policy prohibiting a suit between husband and wife. The action here is directly against the insurer and the incapacity to sue laid upon the spouses by the law of New Jersey has no application.

But it is insisted that even if it be assumed public policy does not prevent the present action, it still cannot be maintained because two conditions precedent have not been fulfilled: no writ of execution against the insured has been returned unsatisfied; and there has been no final determination by judgment of the insured's obligation to pay.

The first contention is based upon *R. S.* 17:28–2, providing no policy of insurance shall issue

"\* \* \* unless there is contained within the policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier \* \* \* and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person \* \* \* because of the insolvency or bankruptcy, then an action may be maintained by the injured person \* \* \* against the corporation under the terms of the policy for the amount of the judgment in the action. not exceeding the amount of the policy."

Admittedly, there has been no execution upon the judgment obtained in New York and the judgment has not been sued upon in New Jersey because our public policy would prevent such an action.

There are authorities holding, and we are assuming a statutory requirement in *R. S.* 17:28–2 to the same effect, that the issuing and return unsatisfied of a writ of execution is a condition precedent to the right of recovery against the insurance company, *Saxon v. United States Fidelity & Guaranty Co.*, 107 *N. J. L.* 266 (*E. & A.* 1930); *Universal Indemnity Ins. Co. v. Caltagirone*, 119 *N. J. Eq.* 491 (*E. & A.* 1935), although we do not re-affirm these adjudications as we doubt such is the purport of the statute.

In any event, the statute here does not supplant the contract, nor does it nullify or restrict the other terms of the policy issued by the company. In fact, it is wholly unrelated to and has no bearing upon these provisions.

One of the specific conditions is: "No action shall lie against the company unless, as a condition precedent thereto \* \* \* the insured's obligation to pay shall have been finally determined \* \* \* by judgment."

Condition 6 of the policy specifies: "Any person or organization or the legal representative thereof who has secured such judgment \* \* \* shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

The judgment in New York was final after trial and was not appealed. The policy, by its plain terms, permitted the present suit and there is no failure to comply with conditions precedent.

Lastly, the appellant asserts certain issues of fact were raised by its answer, and the case was therefore not ripe for summary judgment under *Rules* 3:56–3 and 3:12–3, now *R. R.* 4:58–3 and 4:12–3. The fact issue allegedly concerns the assured's failure to cooperate with the appellant company, in defiance of one of the specific conditions of the policy.

The record does not support this claim. No defense of lack of cooperation was actually pleaded. True, the answer sets forth certain conditions of the policy, but fails to allege a breach thereof. Liability was repudiated upon the ground there was no responsibility as a matter of law by virtue of the marriage and certain terms of the policy heretofore discussed; but no question of fact was raised or put at issue.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.