NEW AMSTERDAM CASUALTY COMPANY, Plaintiff *v.* EMANUEL STECKER et al., Defendants.

Supreme Court, Special Term, New York County, September 30, 1955.

*Frederick Mellor* and *Daniel J. Coughlin* for plaintiff.

*Robert Morris* for defendants.

HECHT, J. This is a motion for judgment on the pleadings and summary judgment.

Briefly stated the complaint sets forth that the defendants are husband and wife, residing in the State of New York; that the wife owns a motor vehicle, liability insurance for which was issued by the plaintiff; that the insurance policy does not contain any express provision pursuant to subdivision 3 of section 167 of the Insurance Law, which permits the inclusion of a spouse within the coverage of the policy; that Emanuel Stecker, the husband, was injured in an accident in Connecticut and that he is suing Molly Stecker in Connecticut to recover for injuries sustained as a result thereof.

The answers consist of general denials with an additional defense interposed by Emanuel Stecker to the effect that the court does not have jurisdiction to grant injunctive relief.

Plaintiff seeks a declaratory judgment that (1) at the time of the accident which is involved in the suit in Connecticut, the defendant Emanuel Stecker was the lawful spouse of Molly Stecker; (2) the accident was not covered by the policy issued by plaintiff; (3) plaintiff is not required to defend the suit in Connecticut; (4) Emanuel Stecker be enjoined from any further proceedings and action against Molly Stecker; and (5) the insurance policy be construed according to the laws of New York.

Stripped of all unnecessary details the controversy between the parties concerns the right of a husband who is a resident of the State of New York to sue his wife (also a resident of the State of New York) in Connecticut as the result of an accident which occurred in Connecticut, under a policy of insurance which was concededly issued in this State and which policy concededly did not contain any express provision pursuant to subdivision 3 of section 167 of the Insurance Law, which permits the inclusion of a spouse within the coverage of the policy.

Subdivision 3 of section 167 of the Insurance Law reads as follows: " No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy."

The plaintiff's assertion that the foregoing was designed to prevent fraud between husband and wife in actions against insurance companies is correct. However, the enactment of

subdivision 3 of section 167 was only part of legislative actions with respect to rights resulting from the marital status.

In 1937 (L. 1937, ch. 669), section 57 of the Domestic Relations Law was amended to grant to either spouse the right of action against the other. Apparently recognizing the effect of this amendment upon insurance companies, the Legislature enacted subdivision 3 of section 167 of the Insurance Law, hereinbefore set forth.

I agree with the defendants that the amendment to the Domestic Relations Law was intended to enlarge upon the rights of a spouse and that the amendment to the Insurance Law was designed to protect against fraud, but that no reason exists for supporting a contention that by virtue of these two amendments insurance carriers would have less liability at present than they had prior to the enactment of the aforestated amendments.

In this connection the case cited by plaintiff in support of its contention clearly demonstrates that the court was of the opinion that the addition to the Insurance Law was a direct incident to the enlargement of the rights pertaining to the marital relationship resulting from the amendment of the Domestic Relations Law. Thus, in *Fuchs* v. *London & Lancashire Ind. Co.* (258 App. Div. 603, 605), the court pointed out that the simultaneous enactments disclose a '' considered legislative intent to create a right of action theretofore denied, and at the same time to protect insurance carriers against loss through collusive actions between husband and wife.''

It is conceded that pursuant to Connecticut law one spouse may sue another for injuries sustained as the result of negligence. Defendants' counsel point to the recent case of *Williamson* v. *Massachusetts Bonding & Ins. Co.*, (116 A. 2d 169 [Conn.]), decided by the Supreme Court of Errors of Connecticut, July 12, 1955, involving a situation identical to the one in the case at bar. The court there ruled that the lower court was justified in presuming that the New York Legislature was aware of the rule that in an action brought in another State by one New York spouse to recover for injuries caused by the negligence of the other in that State, the law of the place where the injuries were received governs. The court stated (p. 172): '' The circumstances of the simultaneous enactments lead irresistibly to the conclusion that the provisions of § 167, subd. 3, of the New York Insurance Law, excluding coverage of an insured's liability for injuries to or the death of his spouse unless the policy expressly provides such coverage, were intended to relate

only to the newly created right of action, which was necessarily based on occurrences within the state of New York. It is clear that the New York legislature had no intent to control a foreign factual situation over which it assumed to have no control.''

As I have stated, it is fair to assume that the amendment to the Insurance Law and to the Domestic Relations Law was not intended to diminish the liability of automobile insurance carriers. This assumption was reiterated by the court in the *Williamson case* (*supra*). It need hardly be noted that insurance carriers are aware of the fact that residents of New York who own automobiles do not confine their travels within the State of New York and that there is always the possibility of an accident beyond the borders of this State wherein one spouse may be injured as the result of the negligence of the other. It is also fair to assume that insurance carriers are familiar with the doctrine of *lex loci delicti*; the law of the place where the tort or wrong is committed controls and the rights and liabilities arising out of an automobile accident are governed by the law of the State in which the accident occurs, regardless of where the insurance policy was issued (*Coster* v. *Coster,* 289 N. Y. 438).

It is interesting to note that another case cited by plaintiff and upon which it relies tends to support defendants' position. In *Bradford* v. *Utica Mut. Ins. Co.* (179 Misc. 919, 921), the pertinent part of the opinion states that ''The law of tort liability in the State where the contract was made, therefore, is not pertinent, and in the treatment of the extent of coverage under the policy the fact that the accident which gave rise to the risk occurred in New York has no greater significance than if the accident had occurred in some other State similarly recognizing a tort liability of husband to wife.''

The same result follows when we apply the contract rule of conflict of laws to the policy herein. '' The duty for the performance of which a party to a contract is bound will be discharged by compliance with the law of the place of performance of the promise with respect to: (a) the manner of performance; * * * (c) the person or persons by whom *or to whom* performance shall be made or rendered; (d) the sufficiency of performance; (e) excuse for non-performance.'' (Italics supplied.) (Restatement, Conflict of Laws, § 358.)

'' The performance of the details of the arrangement between the plaintiff and the bank as to the certificate of neutrality was to be in Sweden and was regulated by the law there in force.'' (*Bown Bros.* v. *Merchants Bank of Rochester,* 243 N. Y. 366, 372.)

Here the place of performance of the insurance policy was any State where an action would be brought against the insured (Restatement, *supra*, § 355). Since the action by Stecker against his wife was brought in Connecticut, the law of that State governs the performance of plaintiff's obligation to defend against that action.

It should be further noted that there is nothing to prevent an insurance carrier from inserting in its policy a clear-cut provision to the effect that a spouse is not included within the coverage of the policy, *regardless of where the accident occurs*. That such a provision would present certain problems to the insurance company is recognized; but then the extent of liability in that connection would be clearly defined.

With respect to the first item of relief requested by the plaintiff, it is conceded that Molly Stecker and Emanuel Stecker are husband and wife. Accordingly, no declaration in that regard is necessary. Moreover, in the light of the foregoing I am persuaded that Molly Stecker is covered by the policy for the accident which occurred in Connecticut and there is no valid reason for enjoining Emanuel Stecker from proceeding with his action against Molly Stecker in Connecticut or for declaring the plaintiff is not required to defend the suit.

Consequently, the plaintiff's motion is in all respects denied and the cross motion of the defendant is granted. Settle order in conformity with the foregoing.