Decree reversed and new trial ordered, with costs to the appellants to abide the event.

NEW AMSTERDAM CASUALTY COMPANY, Appellant, *v.* EMANUEL STECKER et al., Respondents.

First Department, June 12, 1956.

*Clarence E. Mellen* of counsel (*Daniel J. Coughlin* with him on the brief; *Frederick Mellor,* attorney), for appellant.

*Robert Morris* of counsel (*Wilzin & Halperin,* attorneys), for respondents.

VALENTE, J.   In July, 1955, Molly Stecker, a resident of New York City, was the owner of an automobile and had automobile liability insurance issued by the plaintiff New Amsterdam Casualty Company.   There was no express provision in the policy protecting her against liability in the event of injury to her husband, Emanuel Stecker.

On July 24, 1955, the insured and her husband were motoring in the State of Connecticut and became involved in an accident with another automobile.   Her husband was injured and thereafter he instituted an action against his wife and the operator and owner of the other vehicle in the Superior Court of Connecticut to recover damages for the said injuries.

The New Amsterdam Casualty Company thereupon instituted this action seeking a declaratory judgment providing that there is no obligation on the part of the insurer under its policy either to defend the insured or to pay any judgment that may be recovered in the Connecticut action.

The defendants interposed an answer to the complaint and pleaded a general denial. The husband coupled his denial with the affirmative defense that the court was without power to grant the injunctive relief requested.

Special Term held that the place of performance of the insurance policy was any State where an action would be brought against the insured and that since the action was brought in Connecticut the law of that State governed the performance of the plaintiff's obligation to defend against that action. Thereupon the court denied the plaintiff's motion for judgment on the pleadings and granted defendants' cross motion for similar relief, dismissing the complaint.

We are not concerned with the tort liability of the wife because it is conceded that that is determinable under the law of the State of Connecticut. We are concerned on this appeal with the law that determines the obligations of the plaintiff carrier under its policy: the law of the State of Connecticut or the law of this State. The policy of insurance was issued in this State to a resident of this State. We hold that this is a contract made in New York and the coverage provided by the policy and the obligations and duties thereunder are to be determined by the law of this State.

As to the obligations and duties under a contract, prima facie the *lex loci contractus* determines. (*United States Mtge. & Trust Co.* v. *Ruggles,* 258 N. Y. 32, 38; *Stumpf* v. *Hallahan,* 101 App. Div. 383, affd. without opinion, 185 N. Y. 550.) There is nothing in the policy to express an intent that it is to be interpreted by the law of any different jurisdiction, nor can such intent be implied. In the absence thereof, the general rule applies that the policy should be interpreted in accordance with the law of the State in which it was issued. (*Fish* v. *Delaware, Lackawanna & Western R. R. Co.,* 211 N. Y. 374, 383; *General Acc. Fire & Life Assur. Corp.* v. *Ganser,* 2 Misc 2d 18.)

The court below relied upon *Williamson* v. *Massachusetts Bonding & Ins. Co.* (142 Conn. 573) where the parties agreed that the interpretation of the policy was governed by the law of the State of New York. The court then proceeded to construe the New York law to be that subdivision 3 of section 167 of the Insurance Law did not withhold coverage with respect to injuries sustained outside the State. Suffice it to say that this case is not an authority insofar as it attempts to fix and determine New York law.

This leaves for determination under New York law the obligations of the plaintiff to defendant Molly Stecker with respect to the policy. This in turn raises the question as to whether

the provisions of subdivision 3 of section 167 of the Insurance Law exclude from coverage only those automobile accidents — involving husband and wife — that happen in this State or whether the exclusion applies to such liability under the policy arising anywhere within the geographical areas covered thereunder. The subdivision reads (L. 1937, ch. 669; L. 1938, ch. 882, as amd. by L. 1941, ch. 627): '' No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.''

This exclusion provision is mandated into every policy of automobile liability insurance issued in this State and, since there is no express provision providing for such coverage in the policy at bar, we must consider said subdivision as part of the policy.

This amendment was enacted in 1937, simultaneously with the amendment of section 57 of the Domestic Relations Law. (L. 1937, ch. 669.) Prior to 1937, the law of this State attached to the marriage status a reciprocal disability which precluded a suit by one spouse against the other for personal injuries. While it recognized the wrong, it denied a remedy by attaching to the person of the spouse a disability to sue (*Mertz* v. *Mertz*, 271 N. Y. 466). The amendment in 1937 to the Domestic Relations Law granted to either spouse the right of action against the other.

In determining the legislative intent that inspired these two enactments, it has been held that the intent was not only to provide a right of action in tort in favor of one spouse against the other, but in such instances to relieve insurers of liability where the tort results from an automobile accident. (*Fuchs* v. *London & Lancashire Ind. Co. of Amer.*, 258 App. Div. 603; *Lamb* v. *Liberty Mut. Ins. Co.*, N. Y. L. J., Feb. 27, 1941, p. 894, col. 2, affd. 263 App. Div. 859).

Now, does this exclusion of coverage extend to instances where the tort liability arises in a foreign State? Legally and logically we must rule that it does. The clear and positive mandate of the Legislature is to withhold coverage in actions between husbands and wives arising out of automobile accidents. A reading of the section warrants neither the conclusion nor the inference that the exclusion of coverage is limited to accidents arising in this State. To hold that it permits coverage where the tort liability arises in foreign jurisdictions we must read into the section an intent to limit its application solely to accidents occurring in this State. To do so is to limit the scope of the

statute by implying a disposition on the part of the Legislature to give preferred coverage to accidents occurring in foreign States. This constitutes judicial legislation which should be avoided according to the canons of judicial construction. Section 73 of McKinney's Cons. Laws of N. Y., Book 1, Statutes, sets forth in part: "They [the courts] may not, by interpretation, add to or take from a clear and positive legislative mandate, or substitute that which must be brought into existence by legislative expression. Instead they should take the statutes as they find them and construe them according to the canons of interpretation, neither extending their operation beyond the bounds of the legislative intent, nor restricting their obvious application. They should, in short, avoid judicial legislation."

On this point, the Court of Appeals, in *Matter of Russo* v. *Valentine* (294 N. Y. 338), stated at page 342: "We have frequently pointed out that it is the duty of the courts to give effect to statutes as they are written and that we may not limit or extend the scope of the statute as written unless literal construction of the statute would produce a result which the Legislature plainly did not intend."

Appellant concedes that the injunctive relief sought is merely ancillary to the declaration of rights under the policy and that such injunctive relief may not be granted herein.

It is declared that the policy of insurance does not cover liability for injury to the spouse of the insured and plaintiff is not obligated to defend on behalf of the insured the action brought by the husband against the wife and plaintiff is not obligated to pay any judgment the wife may become legally obligated to pay as damages resulting from the accident to the spouse.

For all of the foregoing reasons, we hold that plaintiff's motion for summary judgment should not have been denied and is hereby granted. The order granting defendants' cross motion for judgment on the pleadings should not have been granted and is hereby denied. The appeal from the order granting reargument and adhering to the original decision should be dismissed as academic.

PECK, P. J., and Cox, J., concur with VALENTE, J.; RABIN and FRANK, JJ., dissent and vote to affirm on the opinion of WILLIAM C. HECHT, JR., J., at Special Term (208 Misc. 858).

Order and judgment reversed. Settle order. Appeal from order entered December 9, 1955 on reargument dismissed.