Samuel H. Hofstadter, J.
The plaintiff, an Alabama insurance company, in May, 1955, issued to the defendant Ciccone, then in the military service of the United States and stationed at Presque Isle, Maine, its combination automobile policy. While this insurance was in effect, Ciccone’s car, operated by him, was in collision with another vehicle in Bronx County. Thereafter, an action was brought in this court against Ciccone and the owner of the other vehicle by the infant defendant Dorothy Cullen, through her guardian ad litem John Cullen, for personal injuries and by the defendant John Cullen for loss of services. The complaint in the action alleged that the infant was a passenger in the Ciccone car.
The policy excluded coverage against “ claims for damages on the part of any gratuitous passengers in the insured automobile ”. The plaintiff, claiming that the infant defendant was such gratuitous passenger, has instituted this action for a declaratory judgment determining that she was a gratuitous passenger and that, as a result, the plaintiff is not obligated either to meet Ciccone’s liability in the action brought against him by the infant and her parent or to defend the action. Ciccone has defaulted and the plaintiff now moves to sever the action as against him and for summary judgment against the infant defendant who appears in this action through her mother as guardian.
No evidentiary facts have been presented by or on behalf of the infant, who is 16 years of age, tending to controvert the plaintiff’s claim that she was a gratuitous passenger in Ciccone’s automobile at the time of the collision. It must, therefore, be taken as admitted that she was a gratuitous passenger.
*150 The policy was mailed by the plaintiff from its home office in Birmingham, Alabama, to Ciccone in Maine, on an application from Ciccone, accompanied by a check in payment of the first premium, received by the plaintiff through the mails at its home office. In the circumstances the policy must be regarded as having been issued in Alabama, and its validity and construction are governed by the law of Alabama, and not of Maine. (Stone v. Penn Yan, Keuka Park & Banchport Ry., 197 N. Y. 279, 285-286; United States Mtge. & Trust Co. v. Ruggles, 258 N. Y. 32.) In the circumstances, there is no basis for the affirmative defense of the infant defendant that the policy was issued in Maine and that its coverage is to be determined by the law of that State. Moreover, no authority has been adduced holding that the provision excluding coverage against a claim by a gratuitous passenger would be pronounced invalid in Maine. Nor is it shown that the exclusion is not recognized as valid in Alabama where the policy was issued.
There remains for consideration only the contention that the exclusion is contrary to the public policy of this State. It must be borne in mind that the question here is not what was Ciccone’s duty to his gratuitous passenger under the law of New York, where the collision occurred, but what was the plaintiff’s contract undertaking to Ciccone under the policy written and issued by it in Alabama. The policy clearly excluded the coverage sought to be asserted by the infant defendant.
I find nothing in the law of this State which requires the court to condemn the exclusion as contrary to public policy. Section 167 of the. Insurance Law of New York contains certain provisions for liability insurance policies, and obviously, these provisions apply only to policies issued in New York. Aside from these provisions, our statute does not prescribe a uniform liability policy, even when issued in New York. Nor does the Insurance Law prohibit the issuance in New York of a policy with an exclusion clause such as that in the policy now before the court. In the circumstances, there is no clearly defined public policy in New York which requires a holding that the clause here assailed be denied recognition (Loucks v. Standard Oil Co. of N. Y., 224 N. Y. 99). Our courts have recognized the distinction between insurance coverage and tort liability and have ruled that the one does not control the other (New Amsterdam Cas. Co. v. Stecker, 1 A D 2d 629; General Acc. Fire & Life Assur. Corp. v. Ganser, 2 Misc 2d 18). It is, therefore, determined that the exclusion clause is valid and that the plaintiff is not bound to meet the claim of the infant defendant against Ciccone or to defend the action brought by her against him.
*151 The motion for summary judgment as against the defendant Dorothy Cullen is granted. That branch of the motion to enter judgment against the defendant Donald A. Ciccone, who is in default in answering the summons and complaint, is also granted. Settle order.