**MARYLAND CASUALTY COMPANY, a corporation of the State of Maryland, Plaintiff,**

v.

**Frank JACEK and Helen Jacek, Defendants.**

**Civ. A. No. 138.**

United States District Court
D. New Jersey.

Oct. 24, 1957.

Edward E. Kuebler, Newark, N. J., for plaintiff.

Daniel Leff, Newark, N. J., for defendant, Frank Jacek.

Robert H. Simandl, Newark, N. J., for defendant, Helen Jacek.

HARTSHORNE, District Judge.

This is a diversity suit for a declaratory judgment, 28 U.S.C.A. §§ 2201, 2202, brought by an insurer to have its rights and obligations determined under an automobile liability insurance policy issued by it in New Jersey to defendant, Frank Jacek, the husband of defendant, Helen Jacek, both being New Jersey residents. After the policy was issued, an accident occurred in New York to the husband's car, while it was being driven by him, as a result of which his wife, then a passenger, was injured.

■ Contrary to New Jersey law, which does not permit spouses to sue each other, the Domestic Relations Law of New York does give such permission in suits for negligence, § 57 N.Y. Domestic Relations Law, McKinney's Consol. Laws, c. 14. In addition, simultaneously with the enactment of this statute, the New York Legislature enacted an amendment to the New York Insurance Law, McKinney's Consol.Laws, c. 28, § 167 N.Y. Insurance Law, providing that

> "No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse * * * unless express provision relating specifically thereto is included in the policy."

No such provision was included in plaintiff's above policy contract.

In view of the question thereby raised as to plaintiff's obligations to insured husband, and derivatively to his wife, plaintiff company brought this action. Since all the above is undisputed, defendants, husband and wife, then moved for summary judgment against plaintiff, no other question than that above indicated being raised by either party.

■ Since this is a diversity suit, it is the duty of this court under Erie Railroad Co. v. Tompkins, 1937, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, not only to follow the substantive rules of law prevailing in the states in which they sit, but accordingly to apply the Conflicts of Laws rules prevailing in that state, Klaxon Co. v. Stentor Electric Mfg. Co., 1940, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L. Ed. 1477.

■■ Since the Maryland Casualty Company, the plaintiff, hereinafter called the Company, did not participate in anywise in the accident, its only connection with the present issues arises from its being a party to the policy contract. Thus, it is the construction of the terms of this policy contract, in the light of the Conflicts of Laws rules as applied thereto by the courts of the State of New Jersey, with which this court is now primarily concerned. It is clearly the Conflicts of Laws rule in New Jersey, as well as generally, at least in situations like the present, that the law of the place of the contract, here New Jersey, controls the rights and obligations arising from the contract. On the other hand, thereunder it is the law of the place of the accident, here New York, which controls the tort rights arising from the accident itself, Clement v. Atlantic Casualty Company, 1953, 13 N.J. 439, 100 A.2d 273; Buzzone v. Hartford Accident and Indemnity Company, 1957, 23 N.J. 447, 129 A.2d 561.

Indeed, save for a single exception hereafter noted, the decision in this case would seem completely controlled by that in Clement. Here, as there, the policy was a New Jersey contract, governed therefore by the law of New Jersey, while the accident occurred in New York, the tort rights between wife and husband to be governed by the law of New York. The coverage of the policy in Clement was essentially the same as that here, the policy here providing that the Company must pay any sums which the insured husband might "become legally obligated to pay" his wife for the damages arising from the accident. The court in Clement concluded that the judgment in tort obtained in New York by the wife against the husband showed there was such a tort liability, and therefore held that the policy contract required the Company to pay, despite the above New York Insurance Law amendment. The sole rea-

son why this case is not absolutely controlled by Clement is the fact that, while the parties here were married before the accident occurred, in Clement they were only engaged when the accident occurred, but became married the day after the New York tort suit was instituted, and the day before the suit on the policy against the Company was instituted. However, the New York courts have already held that this is a distinction without a difference. In a similar situation involving the effect of both the above New York statutes, the court said in Fuchs v. London and Lancashire Company, Sup.Ct.1940, 258 App.Div. 603, 17 N.Y.S.2d 338, 339:

> "If the insured and the plaintiff had been husband and wife at the time when the personal injury action was commenced, there could be no recovery on the policy. But the language of the statute is broad enough to include also a case where the parties married during the pendency of the action."

Fuchs still is recognized as the law in New York. It is relied on in the latest of the several New York cases dealing with these two New York statutes. New Amsterdam Casualty Company v. Stecker, 1956, 1 A.D.2d 629, 152 N.Y.S.2d 879, reversing New Amsterdam Casualty Company v. Stecker, 1955, 208 Misc. 858, 145 N.Y.S.2d 148. Indeed, the many other New York decisions dealing with these same statutes are all to the same effect,[1] Bradford v. Utica Mutual Insurance Company, 1943, 179 Misc. 919, 39 N.Y.S.2d 810; Lamb v. Liberty Mutual Insurance Company, 5 Misc.2d 236, 161 N.Y.S.2d 703, affirmed 263 App.Div. 859, 32 N.Y.S. 2d 788; General Accident, Fire & Life Assur. Corp. v. Ganser, Sup.Ct.1956, 2 Misc.2d 18, 150 N.Y.S.2d 705, 712. All of them carefully distinguish between the tort rights of the spouses, and the contractual responsibilities of the insurance company under the amendment to the New York Insurance Law. All hold that this insurance statute affects every New York insurance policy, but has no effect whatever on a policy issued outside New York, as here, United States Mortgage & Trust Co. v. Ruggles, 1932, 258 N.Y. 32, 179 N.E. 250, 253, 79 A.L.R. 802; Atlas Insurance Company v. Ciccone, Sup.Ct.1956, 4 Misc.2d 148, 156 N.Y.S.2d 122, 126; Clement, supra; Buzzone, supra. In Bradford, for instance, where the policy was not a New York policy, the court held the New York Insurance Law amendment inapplicable. On the other hand, in the other New York cases, where a New York policy was involved, this New York law was held applicable, so as to prevent recovery against the company on the policy.

But in none of these cases did the New York courts say that the amendment to the Insurance Law, which in terms applies to the policy itself, prevented the wife from recovering from her husband under the New York Domestic Relations Law. In fact, in Ganser, where the wife sued the estate of the husband in the Federal Court in South Carolina, the court expressly notes that:

> "No attempt was made to enjoin Rae Ganser from pursuing such rights and remedies as she may have against the estate of her deceased husband, and certainly none could be granted to this effect. Rather the plaintiff [the insurance company] seeks merely to enjoin any action against itself based upon the policy of insurance."

The Company's claim to the contrary misconceives the rationale of the New York decisions. Indeed, this misconception becomes even more apparent when we recall the fact, as noted in the various New York cases above cited, that

---

1. True Williamson v. Massachusetts Bonding & Insurance Company, 1955, 142 Conn. 573, 116 A.2d 169, did temporarily disturb the line of the above New York decisions. Note the above reversal in Stecker. But shortly thereafter the New York courts expressly refused to follow this Connecticut decision as to the meaning of these New York statutes. See Ganser, supra.

the wife may sue her husband on the accident in this transitory tort action not only in New York, but also in the States of Connecticut, North Carolina, South Carolina, and doubtless elsewhere, though not in New Jersey. In such a situation, for instance, where the right of action is given by the State of South Carolina, not by the State of New York, and the policy contract was entered into also beyond the borders of New York, it would seem quite impermissible to argue that a limitation on the obligation of a New York insurance company could also limit the right of a wife to sue her husband in tort in South Carolina, in an action to which the insurance company was not a party.

Thus, since the husband may "become legally obligated to pay" damages to his wife on the above accident, by suits not only in New York but in various other jurisdictions, summary judgment may be entered against plaintiff Company here.