Anna Marie LICENZIATO, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 93–2421 (JCL).

United States District Court,
D. New Jersey.

March 31, 1995.

Steven Pontell, Verde, Steinberg & Pontell, Fort Lee, NJ, for plaintiff.

John C. Jeannopoulos, Asst. U.S. Atty., U.S. Attorney's Office, Newark, NJ, for defendant.

### MEMORANDUM AND ORDER

LIFLAND, District Judge.

Presently before the Court is defendant's motion to dismiss the complaint for failure to state a claim pursuant to *Fed.R.Civ.P.* 12(b)(6), or in the alternative, for summary judgment pursuant to *Fed.R.Civ.P.* 56. For the reasons set forth below, the Court will grant defendant's motion for summary judgment.

### BACKGROUND

Plaintiff, a New Jersey resident, alleges that on April 10, 1992, she was involved in a motor vehicle accident in New York City. Plaintiff claims that her car was struck by a U.S. Postal Service truck marked with the number 6501832. *Certification of Anna Marie Licenziato,* ¶ 9. Plaintiff claims that as a result of defendant's negligence, her car was damaged and she sustained serious injuries. She further claims that she went to Englewood Hospital in Englewood, New Jersey for emergency medical treatment. *Complaint,* ¶ 8, 11; *Certification of Anna Marie Licenziato,* ¶ 5, 14.

Defendant claims that on the day of the alleged accident, vehicle number 6501832 was driven by a postal employee named Wellington Gong. Defendant further claims that on April 10, 1994, Gong was driving a delivery route that made it impossible for him to be present in his truck at the time and place of the alleged accident. *See Affidavit Of Drescott Whitehead; Affidavit Of Leonard DeToma; Affidavit Of James E. Witzel.*

Plaintiff seeks an award of compensatory damages, interest, and costs of suit.

### DISCUSSION

The Court notes at the outset that defendant has consented to this lawsuit. The doctrine of Sovereign Immunity bars suit against the United States without its consent. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, the federal government has consented to be sued for personal injury caused by the negligence of its employees acting within the scope of their employment. 28 U.S.C. § 1346(b). The FTCA precludes the imposition of liability in the absence of "wrongful acts or omissions." *Laird v. Nelms,* 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972).

#### Applicable Law

Plaintiff argues that New Jersey law applies because she entered into an insurance contract in New Jersey. Under New Jersey law, where an automobile liability policy was issued in one state and an accident occurred in another state, the law of the place of the contract controls the rights and obligations arising from that contract. *Maryland Casualty Company v. Jacek,* 156 F.Supp. 43 (D.N.J.1957); *Moye v. Palma,*

263 N.J.Super. 287, 622 A.2d 935 (App.Div. 1993).

■ The Court disagrees with plaintiff's position. Pursuant to 28 U.S.C.A. § 1346(b), the Court must apply the law of the state in which the accident occurred in order to determine the liability of the United States for acts of its employees. 28 U.S.C.A. § 1346(b) provides:

[t]he district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Since the collision allegedly occurred in New York, liability will be determined under the law of New York. *Goodkin v. United States,* 773 F.2d 19, 21 (2d Cir.1985); *Patrello v. United States,* 757 F.Supp. 216 (S.D.N.Y.1991). The applicable law is Article 51 of New York's Insurance Law ("The Comprehensive Motor Vehicle Insurance Reparations Act"), N.Y.Insurance Law §§ 5101–5108. *Goodkin* at 21. New York's no-fault system allows for full compensation for economic losses up to $50,000 without the necessity of recourse to the courts and simultaneously eliminates recovery for non-economic losses in "relatively minor cases." *Patrello* at 218–219; *Montgomery v. Daniels,* 38 N.Y.2d 41, 55, 378 N.Y.S.2d 1, 340 N.E.2d 444 (1975).

Section 5103 of the no-fault law requires insurers to compensate accident victims for basic economic loss on account of personal injury by promptly distributing what are termed "first party benefits" without regard to fault. "Basic economic loss" consists of medical benefits, loss of earnings and other "reasonable and necessary expenses" up to $50,000 per person.

Section 5104 of the no-fault law limits tort recovery for personal injuries in actions between covered persons. Section 5104 provides:

in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.

N.Y.Insurance Law § 5104.

■ Plaintiff, as the operator of an insured motor vehicle, was a covered person by definition. Under the New York no-fault law, the United States is considered a "covered person" as well. A covered person is any owner of a motor vehicle referred to in § 321(2) of the Vehicle and Traffic Law, or any other person entitled to first party benefits. Section 321(2) of the Vehicle and Traffic Law subjects vehicles owned by the United States to the provisions of the no-fault law. It is undisputed that the postal truck was United States property. *Patrello* at 220.

■ Pursuant to § 5104, the injured party may recover in tort only that basic economic loss which exceeds $50,000. Recovery for non-economic loss (such as pain and suffering) is limited to that associated with "serious injury" as defined in § 5102(d). "The no-fault law thus provides covered persons with a trade-off. In exchange for their entitlement to prompt payment for first party benefits under § 5103 without regard to fault, covered persons must also accept § 5104's tort recovery limitations in actions against other covered persons." *Patrello* at 218.

*Summary Judgment*

Defendant moves alternatively for dismissal for failure to state a claim, and for summary judgment. Defendant argues that the Complaint should be dismissed for failure to allege injury sufficient to meet the threshold level required for recovery under New York law. However, defendant refers to the entire record in support of its argument; plaintiff refers to the record in opposition to defen-

dant's motion.[1] Therefore, the Court will treat this portion of defendant's motion as a motion for summary judgment.

Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56. The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). "This burden ... may be discharged by 'showing' ... that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). All evidence submitted must be viewed in a light most favorable to the nonmoving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Once a properly supported motion for summary judgment has been made, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). No issue for trial exists unless the nonmoving party can demonstrate sufficient evidence favoring the nonmoving party such that a reasonable jury could return a verdict in that party's favor. *Id.* at 249, 106 S.Ct. at 2510–11.

█ As stated above, Section 5104 provides that if both parties are "covered persons," plaintiff must prove that she suffered a serious injury in order to recover for pain and suffering. Section 5102(d) defines "serious injury" as follows:

"Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of the use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such persons usual and customary daily activities for not less than ninety days during one hundred eighty days immediately following the occurrence of the injury or impairment.

*See, Zoldas v. Louise Cab Corporation*, 108 A.D.2d 378, 489 N.Y.S.2d 468 (1985).

Summary judgment is an appropriate manner for determining whether plaintiff can establish a triable case of serious injury. *Dwyer v. Tracey*, 105 A.D.2d 476, 480 N.Y.S.2d 781. *Zuckerman v. City of New York*, 49 N.Y.2d 557, 427 N.Y.S.2d 595, 404 N.E.2d 718. The question of whether plaintiff is barred from recovery for want of a serious injury is a matter for the Court. *Licari v. Elliott*, 57 N.Y.2d 230, 237–238, 455 N.Y.S.2d 570, 441 N.E.2d 1088 (1982). *Licari* held that

... requiring that every case, regardless of the extent of the injuries, be decided by a jury would subvert the intent of the Legislature and destroy the effectiveness of the statute. The result of requiring a jury trial where the extent of the injury is clearly a minor one would perpetuate a system of unnecessary litigation ... Thus, we believe the Legislature intended that the court should decide whether the evidence would warrant a jury finding that the injury falls within the class of injuries that, under no-fault, should be excluded from judicial remedy. If it can be said, as a matter of law, that plaintiff suffered no serious injury ... then plaintiff has no claim to assert and there is nothing for the jury to decide.

*Id.* at 237–238, 455 N.Y.S.2d 570, 441 N.E.2d 1088.

In her Complaint, plaintiff claims that she was "severely injured, disabled and disfig-

---

1. Both parties refer to plaintiff's deposition testimony and interrogatory answers, which are not part of the record. Since neither party objects to the use of this evidence in support of their respective arguments, the Court will treat plaintiff's deposition testimony and her interrogatory answers as if they were part of the record.

ured, suffered and will suffer great pain and torment, and was and will be deprived from attending to her usual duties for a long period of time." *Complaint,* ¶ 8. In her interrogatory answers plaintiff claims to have suffered neck and back injuries, pain and suffering, and "sprains in the cervical spinal ligaments and lumbosacral ligaments." *Plaintiff's Answers To Interrogatories Propounded By Defendant,* ¶¶ 2, 7.

In her deposition testimony, plaintiff claims to have suffered a lumbar sprain, a left cervical sprain, and shoulder stiffness for which she received heat treatments. Plaintiff testified that the intermittent pain she experiences does not interfere with her work or social activities. Plaintiff further testified that she does not take prescription medication, but does take Tylenol. *Licenziato Deposition,* ¶¶ 11–16.

Plaintiff also claims to have produced credible medical evidence in the form of doctors' reports and testimony establishing a significant limitation of use and a serious injury under the applicable law. None of this is in the record, and must therefore be disregarded.

▆ The Court must determine whether, based on the record, plaintiff's injuries were serious within the meaning of § 5102(d). In order to establish a serious injury under New York law, plaintiff was required to submit competent admissible medical evidence. *Dwyer v. Tracey, Id.; Jones v. Sharpe,* 99 A.D.2d 859, 472 N.Y.S.2d 779 (1984). Plaintiff has failed to do so. The record as it stands reflects ailments that do not fall within the statutory definition of a serious injury, and thus do not meet the threshold level required for recovery under New York law. To hold that plaintiff's injuries are serious injuries "would frustrate the legislative intent in enacting no-fault legislation." *Licari v. Elliott* at 239, 455 N.Y.S.2d 570, 441 N.E.2d 1088.

Defendant moves for summary judgment on the ground that neither Gong nor vehicle number 6501832 was present at the scene of the accident. Defendant claims that Postal Service records place Gong in the truck some distance from the scene of the accident at the time the accident allegedly occurred. The Court will grant defendant's motion for summary judgment on the grounds stated above. Therefore, the Court need not reach the issue of whether defendant's records entitle it to summary judgment.